# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT: Kenneth Elliot
*(AVISO AL DEMANDADO):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED ON

JAN 16 2009

TODD H. BARTON, COURT EXECUTIVE OFFICER
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
_____ DEPUTY

YOU ARE BEING SUED BY PLAINTIFF: George Berry Strong
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CSATF/SP, Building #A-3, Bed #169 Low
P. O. Box 5248
Corcoran, Ca.  93212

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.   Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.   Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.   Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.   Es recomendable que llame a un abogado inmediatamente.   Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.   Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.   Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | County of Kings<br>Superior Court of California<br>Civil Division<br>1426 South Drive<br>Hanford, Ca.  93230 | CASE NUMBER:<br>*(Número del caso):*<br>**09C 0022** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George Berry Strong, CDCR #P-80719, CSATF/SP, Building #A-3, Bed #169 Low, P. O. Box 5248, Corcoran, California  93212  (note: plaintiff is pro per)

DATE: JAN 16 2009
*(Fecha):*                    TODD H. BARTON, Clerk, by _____ KARIN MILLER _____, Deputy
                              *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  Kendoniz Elliot CC ☐

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☑ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*  2-26-09

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| George Berry Strong, CDCR #P-80719<br>CSATF/SP, Building #A-3, Bed #169 Low<br>P.O. Box 5248, Corcoran, Ca.  93212 | **CONFORMED COPY<br>ORIGINAL FILED ON**<br><br>JAN 16 2009<br><br>TODD H. BARTON, COURT EXECUTIVE OFFICER<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF KINGS<br><br>DEPUTY |

TELEPHONE NO.: Plaintiff, In Pro Per    FAX NO.:

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kings
STREET ADDRESS: 1426 South Drive
MAILING ADDRESS: 1426 South Drive
CITY AND ZIP CODE: Hanford, 93230
BRANCH NAME: Civil Division

CASE NAME:
GEORGE BERRY STRONG  -VS-  KENNETH ELLIOT

| CIVIL CASE COVER SHEET | | Complex Case Designation | | | CASE NUMBER: |
|---|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter | [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **09C  0022**<br><br>JUDGE:<br><br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse<br>condemnation (14) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [X] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action *(specify)*: 3, (failure to adhere to policies and procedures, violation of the 8th and 13th Amend.)

5. This case [ ] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/11/09

GEORGE BERRY STRONG
*(TYPE OR PRINT NAME)*                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

PLD-PI-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>George Berry Strong, CDCR #P-80719<br>CSATF/SP, Building #A-3, Bed #169 Low<br>P. O. Box 5248<br>Corcoran, Ca. 93212<br>TELEPHONE NO:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name):*  Plaintiff, In Pro Per | **FOR COURT USE ONLY**<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED ON**<br><br>JAN 1 6 2009<br><br>TODD H. BARTON, COURT EXECUTIVE OFFICER<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF KINGS<br>_____ DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** KINGS
STREET ADDRESS: 1426 South Drive
MAILING ADDRESS: 1426 South Drive
CITY AND ZIP CODE: Hanford, 93230
BRANCH NAME: Civil Division

PLAINTIFF: GEORGE BERRY STRONG
—VS—
DEFENDANT: KENNETH ELLIOT

☐ DOES 1 TO

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ **AMENDED** *(Number):*
Type *(check all that apply):*
☐ MOTOR VEHICLE    ☐ OTHER *(specify):*
   ☐ Property Damage    ☐ Wrongful Death
   ☒ Personal Injury    ☐ Other Damages *(specify):* Civ. Rights Violations

**Jurisdiction** *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
   Amount demanded  ☐ does not exceed $10,000
               ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

**CASE NUMBER:**

**09C  0022**

1. Plaintiff *(name or names):*  GEORGE BERRY STRONG
   alleges causes of action against defendant *(name or names):* KENNETH ELLIOT

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

THOMSON
WEST

Code of Civil Procedure, § 425.12

PLD-PI-001

| SHORT TITLE: | CASE NUMBER· |
|---|---|
| GEORGE BERRY STRONG  -VS-  KENNETH ELLIOT | |

4. ☐ Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☐ **except** defendant *(name):*

     (1) ☐ a business organization, form unknown

     (2) ☐ a corporation

     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*

     (1) ☐ a business organization, form unknown

     (2) ☐ a corporation

     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*

     (1) ☐ a business organization, form unknown

     (2) ☐ a corporation

     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*

     (1) ☐ a business organization, form unknown

     (2) ☐ a corporation

     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

   a. ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.

   b. ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

   a. ☐ at least one defendant now resides in its jurisdictional area.

   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.

   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.

   d. ☐ other *(specify):*

9. ☒ Plaintiff is required to comply with a claims statute, and

   a. ☒ has complied with applicable claims statutes, or

   b. ☐ is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| GEORGE BERRY STRONG  —VS—  KENNETH ELLIOT | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

   a. [   ] Motor Vehicle
   b. [ X ] General Negligence
   c. [ X ] Intentional Tort
   d. [   ] Products Liability
   e. [   ] Premises Liability
   f. [   ] Other *(specify)*:

11. Plaintiff has suffered
   a. [   ] wage loss
   b. [   ] loss of use of property
   c. [   ] hospital and medical expenses
   d. [ X ] general damage
   e. [   ] property damage
   f. [   ] loss of earning capacity
   g. [ X ] other damage *(specify)*: Irreparable Harm

12. [   ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [   ] listed in Attachment 12.
   b. [   ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [ X ] compensatory damages
      (2) [ X ] punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) [   ] according to proof
      (2) [ X ] in the amount of: $ 100,000.00

15. [ X ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

PLEASE SEE THE ATTACHED

Date: 1|15|09

GEORGE BERRY STRONG
(TYPE OR PRINT NAME)

▶ _George Strong_
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

<u>The Paragraphs of this Complaint allege on information and belief are as follows</u>

(1)   Plaintiff, George Berry Strong, is a 51 year old male, resident of the State of California, currently incarcerated by the California Department of Corrections and Rehabilitation ("CDCR", hereafter) at its California Substance Abuse Treatment Facility/ Corcoran State Prison ("CSATF/SP", hereafter) in Corcoran, California. At all times mentioned in this complaint, plaintiff was a prisoner within the CDCR system.

(2)   Defendant, Kenneth Elliot, is a Correctional Counselor-II, at all times made reference in this complaint. At all times mentioned in this complaint defendant Kenneth Elliot is employed by CDCR and is a supervisory correctional counselor. Plaintiff is informed and believes, and thereon alleges that defendant Kenneth Elliot was/is responsible for the supervision of other lower ranking counselors having prisoners to appear before a classification committee. In addition, plaintiff is informed and believes and thereon alleges that defendant Kenneth Elliot is responsible for proper/correct classification of prisoners.

(3)   On July 11, 2006, while plaintiff was confined at Avenal State Prison, he appeared before a Classification Committee which made a decision to reclassify him as "TOTALLY MEDICALLY DISABLED" based upon a license medical doctor diagnosing plaintiff as having severe nerves damages which causes him to not be able to use his right and left hand. ( See EXHIBIT "A") (note: plaitiff is medically assigned to wear braces on hands)

(4)   In August 2006, plaintiff was transferred from Avenal State Prison to California Rehabilitation Center. While confined at California Rehabilitation Center, plaintiff continued to be classified as "MEDICALLY DISABLED" based on several medical documents listing his disabilities as "no prolonged standing, sitting, walking, no stooping, no twisting/climbing, no bending, no pushing or pulling, no lifting over 5 pounds and cannot use hands effectively, and assigned to wear braces on both hands.

(5)   On October 18, 2007, California Rehabilitation Center's Warden order plaintiff to be reevaluated by a license medical doctor. The doctor (K. Maxwell) authored and dated medical document which stated that plaintiff to be medically unassigned long term and placed a housing restriction upon plaintiff that required that he be clasified as an American Disable Act inmate. (See EXHIBITS "B")

(6)   On November 27, 2008, plaintiff was transferred from California Rehabilitation Center to California Substance Abuse Treatment Facility/State Prison.

(7)   On December 11, 2007, plaintiff appeared before CSATF/SP Facility "A" Unit Classification Committee for his Initial Review. At the aforementioned Committee **appearance** dfendant Kenneth Elliot was the Captain, Coorectional Counselor-II, Vocational/Education Representative, Inmate Assignment Lieutenant and Mental-Health Representative. Defendant Kenneth Elliot made a (sole) decision to place plaintiff of the Support Services waiting list with light restricted duty due to plaintiff medical restrictions. Plaintiff immediately informed defendant Kenneth Elliot that due his medical conditions that he could not perform any duties. In addition, plaintiff informed defendant Kenneth Elliot that not only does he have several limitation (can't do's) but it is medically required that he wear braces on both hands which further prevent him from utilizing his hands. Defendant Kenneth Elliot informed plaintiff that it is his (defendant) that every inmate housed at Facility "A" be assigned no matter what their medical conditions and/or disabilities are. ( See EXHIBIT "C")

(8)   On or about March 2008, defendant Kenneth Elliot had plaintiff assigned to Facility "A" inmate dinning-hall as a dishwasher. Upon reporting to this inmate assignment as directed, plaintiff presented to the dinning-hall supervisor his medical documents reflecting his disabilities and presented to the dinning-hall supervisor his

<u>The Paragraphs of this Complaints allege on information and belief are as follows</u>

hands which had his' medical braces. The dinning-hall supervisor ordered and directed plaintiff to return to his housing unit based on the fact there were no tasks in the dinning-hall plaintiff could perform with causing further injuries to himself. The dinning-hall supervisor advised plaintiff to inform his correctional counselor to him to be unassigned from the dinning-hall. Plaintiff informed his correctional counselor that the dinning-hall supervisor advice was to remove him from the dinning-hall. Plaintiff's correctional counselor informed her supervisor who is defendant Kenneth Elliot and the defendant refused to remove plaintiff from dinning-hall but in fact had plaintiff assigned to a different position in the dinning-hall as a line-server. Upon plaintiff reporting to the new dinning-hall position the dinning-hall supervisor again directed and ordered plaintiff to return to his housing unit based the fact plaintiff's medical conditions and disabilities would be serious compromised if he attempted to perform any tasks in the dinning-hall.

(9)    Plaintiff had his wife (Rosalind Strong) to make several calls to the prison (CSATF/SP) warden, to CDCR's Ombudsman office and even call defendant Kenneth Elliot. Plaintiff wrote several letters to the warden and to the Ombudsman asking for assistance.

(10) Finally, on April 29, 2008, while defendant Kenneth Elliot was away from the prison on vacation, plaintiff appeared before a more knowledgeable classification committee which was properly staffed. The committee members carefully reviewed plaintiff's prison-file, including but not limited to, pertinent and relevant medical and disabilities documentations and elected to reinstate/reclassify plaintiff as MEDICALLY UNASSIGNED pending further medical evaluation. (See EXHIBIT "D")

(11)    Upon defendant Kenneth Elliot return from vacation and discovering that plaintiff had appeared before classification and having been unassigned he immediately started to harass and annoy plaintiff in regarding to being assigned.

(12)  . On April 17, 2008, plaintiff had nerves test done by D. White, DPT,ECS, from the Rehabilitation Management System, Inc. A Medical Corporation. (See EXHIBITS "E")

(13)    On July 9, 2008, plaintiff was physical examined by David G. Smith, M.D., from the Diplomate American Board of Orthopaedic Surgery who placed a request for schedule for surgery. (See EXHIBITS "F")

(14)    On October 27, 2008, defendant Kenneth Elliot ordered that plaintiff appear before him for classification on October 30, 2008.

(15)    On October 30, 2008, plaintiff appeared before defendant Kenneth Elliot for the purpose of being assigned an inmate assignment. Again, defendant Kenneth Elliot was acting as the commmittee chairman (Captain), Inmate Assignment Lieutenant, Vocational/Education Representative and Mental-Health Representative. Defendant Kenneth Elliot tried placing plaintiff again on the wiating list for an inmate assignment and refused to acknowledge plaintiff medical condition and/or disabilities limitations. During the hearing defendant Kenneth Elliot became very upset and demonstrate a disposition of conduct that is closely associated with the spirit of abuse of authority and abuse of discretion and made several statements in regards to plaintiff wife calling the prison and Sacramento. Plaintiff requested that the classification hearing be postponed based on the fact it was not properly staffed as required under the department's rules and regulations. Defendant Kenneth Elliot really displayed an unethical and unprofessional demeanor and stated that he would have the medical staff to do what he done to make sure plaintiff is assigned to an inmate assignment..

<u>The Paragraphs of this Complaint allege on information and belief are as follows</u>

(16)    On November 5, 2008, plaintiff was <u>interviewed</u> (not physical examined) by T. Byers, who is a Physician Assistant, for the sole purpose of a grievance filed by plaintiff. T. Byers, Physician authored and dated a medical document (CDC FORM 7410) which is outside the scope of his license and the department established rules and regulations. However, the document authored by T. Byers reflects that plaintiff is to wear braces on his hands. ( See EXHBITS "G")

(17)    On November 16, 2008, plaintiff was physically examined by Doctor Aron L. Rotman. Doctor Rotman ordered pain medication and sleeves for plaintiff's knees. In addition, <u>Doctor Rotman updated and submitted two medical documents (CDC FORMS 7410 & 1845). The CDC FORM 7410 reflected "no prolonged standing, walking, no bending or climbing, no twisting, no use of hand, no prolonged sitting. The CDC FORM 1845 was updated consistent with the CDC FORM 1845 dated October 18, 2007 which reflected a housing restriction such as lower bunk, lower tier, and no triple bunk and placed plaintiff's ADA status as DNM (Mobility Impairment)</u>

(18)    During plaintiff examination with Doctor Rotman on November 16, 2008, plaintiff informed Doctor Rotman that he was having problem with Mr. Elliot and belived that Mr. Elliot would have the new medical and disability documents destroyed as soon as he (Elliot) discover the new documents. Therefore, plaintiff requested Doctor Rotman to give him a copy of the new documents but Doctor Rotman could not ~~but wrote on the reversed side of plaintiff's old document that he had updated and~~ submitted these documents and remained unchanged. (See EXHBIT "H" (reversed side))

(19)    Plaintiff have repearedly requested the CDC FORM 7410 and CDC FORM 1845 updated and submitted by Doctor Rotman on November 16, 2008. However, Medical Records staff have informed plaintiff that the documents are not located anywhere in his medical file. It is the department policies that these medical documents be forwarded to plaintiff within five working days. Plaintiff truly believe that defendant Kenneth Elliot had these medical documents to be destroyed.

(20)    On December 5, 2008, defendant Kenneth Elliot ordered plaintiff to report to his office. Upon reporting to defendant Kenneth Elliot's office plaintiff was presented by defendant Kenneth Eliot with a medical document (CDC FORM 7410) authored by T. Byers, Physician Assistant, date by T. Byers on December 4, 2008. The medical document also had been approved by A. Enenmoh, Acting Chief Mendical Officer. Defendant Kenneth Elliot informed plaintiff that he was going to used the new medical document to have plaintiff appear before classification on December 9, 2008 and would assigned plaintiff to an inmate assignment. <u>Plaintiff carefully reviewed the medical document and informed defendant Kenneth Elliot that the document was to be considered a "fraudulent introduction of medical records" based on the fact plaintiff had not been examined by T. Byers on December 4, 2008 in order for T. Byers to author such medical document. Also, plaintiff informed defendant Kenneth Elliot that T. Byers is not authorized to author such medical documents and that it is a felony to falsify medical records. Defendant Kenneth Elliot informed plaintiff that he and Byers had gone through plaintiff's medical file and decided plaintiff had no disabilities to prevent him from being assigned. (See EXHIBIT "I")</u>

(21)    On December 9, 2008, plaintiff appeared before a classification committee in which defendant Kenneth Elliot was the sole decision-maker. Defendant Kenneth Elliot stripped plaintiff of his MEDICALLY UNASSIGNED STATUS and placed plaintiff on the waiting list for Vocational-Landscaping. (See EXHIBIT "J")

(22) On December 13, 2008, plaintiff was assigned as Unit #3 Receration Cordinator which also requires performing janitorial duties.

<u>The Paragraphs of this Complaint allege on information and belief are as follows</u>

(23)   On December 6, 2008, plaintiff filed a "staff complaint" based on the unethical conduct and unprofessional action of T. Byers, Physician Assistant, and A. Enenmoh, Acting Chief Medical Officer, for being coerced, demanded, ordered and/or directed to authored and dated a "fraudulent introduction of medical records" knowing that no physical examinations was performed to make such determination. The complaint have not been processed by the institution's complaint coordinator due to inadequate and/or the use of the "code of silence" which is to conceals the wrongdoings of the prison staff(s).

(24)   On December 8, 2008, plaintiff filed a "staff complaint" based on the unethical conduct and unprofessional action of defendant Kenneth Elliot in coercing medical staff to author and date and incorporate into plaintiff's medical file for the sole purpose of subjecting plaintiff to corporal punishment, cruel and unusual punishment as well as subjecting plaintiff to a form of slavery. This complaint have not been process based on the fact the institution complaint processing procedures are inadequate and designed for long delays to discourage prisoners from utilizing this grievance system to reveal the wrongdoings of staff.

(25)   Plaintiff present inmate assignment requires that he lift trash, sweep and mop floors, clean bathrooms/showers and any other janitorial tasks. This has caused for plaintiff to suffer severe pain daily. These janitorial tasks are expected of plaintiff from Tuesday through Saturday, while plaintiff is wearing braces on both hands and knee sleeves on both knees. It should be noted that if plaintiff refused to perform any of the janitorial tasks he will be issued a disciplinary action and subjected to the loss of 90 days credits and 90 days privileges loss.

(26)   Defendant Kenneth Elliot knew and should have known that plaintiff would be subjected to severe pain and emotional distress if required to perform any inmate assignment tasks while in the medical conditions and disabled limitations which the specialists have repeatedly recommended surgery. Defendant Kenneth Elliot knew and/or should have known that to force plaintiff to perform any inmate assignment tasks would cause plaintiff severe pain, significant illness, and medical conditions and/or disabilities that if left untreated a severe limitation of function or ability to perform the daily activities of life or may cause premature death.

(27)   On information and belief, if plaintiff is not removed from his presently assigned inmate assignment, he risk permanent disability.

(28)   At all time mentioned in this complaint, defendant Kenneth Elliot was acting under color of state law.

(29)   At all times mentioned in this complaint, defendant Kenneth Elliot was acting in his official capacity and in the scope and course of his employment.

(30)   Defendant Kenneth Elliot is sued in his individual capacities for the claims alleged in this complaint.

(31)   Plaintiff, George Berry Strong, is informed and believes, and on the basis of such information and belief alleges, the defendant Kenneth Elliot is totally and/or directly responsible for any and all physical injuries and emotional distress alleged in this complaint.

Date: Jan . 11 ,2009

Respectfully submitted

George Strong

George Berry Strong

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| GEORGE BERRY STRONG -VS- KENNETH ELLIOT | |

1 (ONE)      **CAUSE OF ACTION—General Negligence**     Page 2 of 2

(number)

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN- 1. Plaintiff *(name):* George Berry Strong

alleges that defendant *(name):* Kenneth Elliot, violated plaintiff's right to be free from cruel and unusual punishment guaranteed to the plaintiff by the Eighth Amendment of the State and Federal Constitution by his actions of intimidation, harassment, abuse, and subjecting plaintiff to perform work taks that causes bodily harm; and other violations of law against plaintiff.

[ ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* December 11, 2007 and December 9, 2008

at *(place):* California Substance Abuse Treatment Facility/Corcoran State Prison

*(description of reasons for liability):*

The allegations contained in paragraph 1 through 31, inclusive, are hereby incorporated by reference.

On December 11, 2007 and again on December 9, 2008, defendant Kenneth Elliot stripped plaintiff of his Medically Disabled status and forced plaintiff to perform work tasks that subject plaintiff to severe pain and emotional distress.

Defendant Kenneth Elliot violated the department established rules and regulations by utilizing a fraudulent introduction medical records (CDC FORM 7410) to strip plaintiff of his medical disabled status to fulfill his desires to subject plaintiff to cruel and unusual punishment. The department's regulation required defendant to utilized CDC FORM 128-C to make such determination. ( CCR Title 15, section 3043.5(d)(1))

Defendant Kenneth Elliot violated plaintiff's right to be free from cruel and unusual punishment guaranteed to plaintiff by the Eighth Amendment of the State and Federal Constitution by his failure to adequately classify plaintiff.

Defendant's wrongful actions alleged herein are in violation of the law because they have deprived plaintiff of rights secured by the State and Federal Constitution.

Defendant Kenneth Elliot acted under color of state law.

Defendant Kenneth Elliot knew or should have known that his conduct, attitudes and actions created an unreasonable risk to serious harm to plaintiff.

This actions and conduct of defendant Kenneth Elliot demonstrate deliberate indifference to plaintiff's Eighth Amendment rights.

As a proximate result of the defendant's violation of plaintiff's right to be free from cruel and unusual punishment while he is housed at California Substance Abuse Treatment Facility/Corcoran State Prison, plaintiff has suffered, is suffering, and will continue to suffer irreparable harm.

As a direct and foreseeable result of the defendant's violation of the Eighth Amendment, plaintiff has suffered, is suffering and will continue to suffer physical injuries in the form of damage to his back, arms, shoulders, neck, hands, elbows, wrists and knees, and other injuries.

As a direct and foreseeable result of the defendant's violation of the Eighth Amendment, plaintiff has suffered, is suffering and will continue to suffer injuries in the form of pain and suffering, shame, humiliation, degradation, emotional distress, embarrassment, mental distress and other injuries.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

THOMSON
✳
WEST

Code of Civil Procedure 425.12

| 1 (ONE) | CAUSE OF ACTION—General Negligence | Page 2 of 2 |
| --- | --- | --- |
| (number) | | |

(Description of Reasons for Liability)

An actual controversy exists between plaintiff and defendant concerning their rights, privileges, and obligations.
Defendant Kenneth Elliot's acts were willful, intentional, malicious, wanton, and despicable in conscious disregard of plaintiff's rights, entitling plaintiff to an award of monetary and injunction relief.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
| --- | --- |
| GEORGE BERRY STRONG  -VS-  KENNETH ELLIOT | |

_1 (ONE)_      **CAUSE OF ACTION—Intentional Tort**     Page _1 of 2_
  (number)

ATTACHMENT TO  [X] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* George Berry Strong

  alleges that defendant *(name):* Kenneth Elliot violated plaintiff's right to be free from cruel and unusual punishment and free slavery guaranteed to the plaintiff by the Eighth and Thirteenth Amendment of the State and Federal Constitution by failure to adequately classify plaintiff, his actions of intimidation, harassment, abuse, falsify medical documents, to force plaintiff to perform work details that causes bodily harm; and other violations of laws against plaintiff.

  [ ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date):* December 11, 2007, March 2008, December 4th, 5th and 9th, 2008
  at *(place):* California Substance Abuse Treatment Facility/Corcoran State Prison

*(description of reasons for liability):*

The allegations contained in paragraph 1 through 31, inclusive, are hereby incorporated by reference.

On December 11, 2007, defendant Kenneth Elliot stripped plaintiff of his Medically Disabled status to forced upon plaintiff his desires to perform work details that was inconsistent and contrary to plaintiff medical conditions and disabilities limitations

On or about March 2008, based on defendant Kenneth Elliot decision to forced work details upon plaintiff, plaintiff was assigned to the inmate's dinning-hall first as a dishwasher and then as a line-server. The dinning-hall supervisor reviewed plaintiff medical document and made a determination that plaintiff could not perform any details in the dinning-hall, especially the supervisor noted that plaintiff was and is ordered medically to wear braces on both hands. Defendant Kenneth Elliot refused to removed plaintiff from the dinning-hall assignment/tasks.

On December 4, 2008, defendant Kenneth Elliot ordered, coerced, demanded and directed T. Byers, Physician Assistant to author and dated a fraudent medical document with performing any form of examinations on plaintiff person. In addition, defendant Kenneth Elliot ordered, coerced, demanded and directed A. Enenmoh, Acting Chief Medical Officer to approve the aforementioned fraudulent introduction of medical records for the sole purpose of utilizing the fraudulent medical document to subject plaintiff to severe pain and emotional distress.

On December 9, 2008, defendant Kenneth Elliot made a decision during classification to strip plaintiff of his medical unassigned status by utilizing the fraudulent medical documeny (CDC FORM 7410) instead of utilizing the correct medical document CDC FORM 128-C.

On December 13, 2008, defendant Kenneth Elliot had plaintiff assigned to perform janitorial tasks such sweeping, mopping, dumping trash, dusting, cleaning windows/bars.

Defendant Kenneth Elliot violated plaintiff's right to be free from cruel and unusual punishment and free from slavery guaranteed to plaintiff by the Eighth and Thirteenth Amendment of the State and Federal

1 (ONE)        CAUSE OF ACTION-----Intentional Tort      Page   2 of 2

(Description of Reasons for Liability)

Constitution by his action of intimidation, abuse, harassment and other violations of the laws against plaintiff.

Defendant Kenneth Elliot violated plaintiff's right to be free from cruel and unusual punishment and free from being subjected to slavery guaranteed to plaintiff by the Eighth and Thirteenth Amendment of the State and Federal Constitution by his failure to adequately classify plaintiff as medically disabled.

Defendant's wrongful actions alleged herein are in violation of plaintiff's rights because they have deprived plaintiff of rights, benefits, and privileges secured by the State and Federal Constitution.

Defendant Kenneth Elliot acted under color of state law.

Defendant Kenneth Elliot knew or should have known that his conduct, attitudes, and actions created an unreasonable risk of serious harm to plaintiff.

The actions and conduct of defendant Kenneth Elliot demonstrate deliberate indifference to plaintiff's Eighth Amendment rights.

The actions and conduct of defendant Kenneth Elliot demonstrate slavery and involuntary servitude to plaintiff's Thirteenth Amendment rights.

As a proximate result of the defendant's violation of plaintiff's rights to be free from cruel and unusual punishment and slavery and involuntary servitude while he is incarcerated at California Substance Abuse Treatment Facility/Corcoran State Prison, plaintiff has suffered, is suffering, and will continue to suffer irreparable harm.

As a direct and foreseeable result of the defendant's violations of the Eighth and Thirteenth Amendments, plaintiff has suffered, is suffering and will continue to suffer physical injuries in the form of damage to left and right hand, wrists, elbows, shoulders, neck, lower and upper back and knees, and other injuries.

As a direct and foreseeable result of the defendant's violations of the Eighth and Thirteenth Amendments, plaintiff has suffered, is suffering and will continue to suffer injuries in the form of pain and suffering, shame, humilation, degradation, emotional distress, embarrassment, mental distress and other injuries.

An actual controversy exists between plaintiff and defendant concerning their rights, privileges, and obligations.

Despite defendant alleged training and knowledge of the department's rules and regulations, and knowing his conduct, attitudes, and actions created an unreasonable risk of serious harm to plaintiff, defendant intentionally and deliberately failed to take reasonable steps to protect plaintiff and ensure his plaintiff constitutional right to be free from cruel and unusual punishment and free from slavery and involuntary servitude while plaintiff is under defendant care and custody classification at California Substance Abuse Treatment Facility/Corcoran State Prison.

Defendant Kenneth Elliot's acts were willful, intentional, malicious, wanton, and despicable in conscious disregard of plaintiff's rights, entitling plaintiff to damages in the form of irreparable harm, general damages, compensatory damages and punitive damages in the amount of $100,000.00, and Aware plaintiff the costs of suit and reasonable attorney's fee and/or Grant plaintiff such other and further relief as the Court deems just and proper.

Date: _____ 11 ,2009

Respectfully submitted,

George Berry Strong

# EXHIBIT

# A

STATE OF CALIFORNIA
DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)
CDC 1845 (Rev. 01/04)

DEPARTMENT OF CORRECTIONS
CHECK ALL APPLICABLE BOXES

### THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| STRONG | P80719 | ASP | 640601 | 6/12/06 |

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| ☑ Inmate self-identifies to staff    ☐ Third party evaluation request | ☐ Blind/Vision Impaired    ☐ Speech Impaired |
| ☐ Observation by staff    ☑ Medical documentation or Central File information | ☐ Deaf/Hearing Impaired    ☐ Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. ☐ FULL TIME WHEELCHAIR USER - DPW Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. ☐ INTERMITTENT WHEELCHAIR USER - DPO Requires lower bunk, wheelchair accessible path of travel and *does not require wheelchair accessible cell.* | 2. NO CORRESPONDING CATEGORY |
| 3. ☐ MOBILITY IMPAIRMENT - With or Without Assistive Device (Wheelchairs shall not be prescribed) - DPM Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. ☑ MOBILITY IMPAIRMENT (Lower Extremities) - DNM Walks 100 yards without pause with or without assistive devices. ☑ No Housing Restrictions    ☐ See HOUSING RESTRICTIONS in Section E ☐ Requires relatively level terrain and no obstructions in path of travel. Do not place at: CCI, CMC-E, CRC, CTF-C, FSP, SCC-I or-II, SOL or SQ. (CDC 128-C |
| 4. ☐ DEAF/HEARING IMPAIRMENT - DPH Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. ☐ HEARING IMPAIRMENT - DNH With residual hearing at a functional level with hearing aid(s) |
| 5. ☐ BLIND/VISION IMPAIRMENT - DPV Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye. (See HOUSING RESTRICTIONS IN SECTION E) | 5. NO CORRESPONDING CATEGORY |
| 6. ☐ SPEECH IMPAIRMENT - DPS Does not communicate effectively speaking or in writing. | 6. ☑ SPEECH IMPAIRMENT - DNS Does not communicate effectively speaking, but does when writing. |

### SECTION E: ADDITIONAL MEDICAL INFORMATION

| CSR ALERT: | HEALTH CARE APPLIANCE / IDENTIFICATION VEST: |
|---|---|
| ☐ Requires relatively level terrain and no obstructions in path of travel | ☑ Cane    ☐ Crutch    ☐ Walker    ☐ Leg/Arm prosthesis    ☐ Vest |
| ☐ Complex medical needs affecting placement    ☐ CDC 128-C | ☐ Other:    ☐ CDC 128-C(s) dated: |

| ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING: | OTHER DPP DESIGNATIONS: |
|---|---|
| ☐ Feeding or Eating    ☐ Bathing    ☐ Grooming    ☐ W/C transferring | ☑ NONE |
| ☐ Toileting    ☐ Other:    ☐ CDC 128-C(s) dated: | CODE    DATED    CODE    DATED |

HOUSING RESTRICTIONS: ☑ Lower bunk    ☑ No stairs    ☐ No triple bunk   CDC 128-C(s) dated:

### SECTION F: EXCLUSIONS

☐ VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed disability.* (Explain in Comments Section and CDC 128-C dated _____)

☐ REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____ (Explain in Comments Section and CDC 128-C dated: _____)

☐ REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): _____ (Explain in Comments Section and CDC 128-C dated: _____)

### SECTION G: EFFECTIVE COMMUNICATION FACTORS

☐ Uses Sign Language Interpreter (SLI)    ☐ Reads Braille    ☐ Communicates with written notes    ☐ Requires large print or magnifier

☐ Reads lips    ☐ NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

PHYSICIAN'S COMMENTS: *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

Need for typewriter should not impact placement

| PHYSICIAN'S NAME (Print): LAUDA GONZALES | PHYSICIAN'S SIGNATURE | DATE SIGNED 6/12/06 |
|---|---|---|
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) S. Surya | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE S. Surya | DATE SIGNED 7/7/06 |

Inmate COPY

NOTE: After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional mail, and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

DISTRIBUTION: Original - Top General Chrono Section of C-File;    Green - Chrono Section, Unit Health Record    Canary - C&PR/CC-III;    Pink-CC-I;    Gold-Inmate

AVENAL STATE PRISON          DUTY LIMITATION CHRONO          CDC-128-C

NAME: _____S-TRONG_____  CDC# _P80719_____  HOUSING# _640 80 L_

BASED ON THIS INMATE'S: _____ ACUTE MEDICAL CONDITION
                        ___α____ CHRONIC MEDICAL CONDITION
                        _____ TEMPORARY DISABILITY (SEE 1845)

MEDICAL DEPARTMENT'S RECOMMENDATIONS FOR ACTIVITY RESTRICTIONS:

*MOVEMENT – POSITION:*
__X__ NO PROLONGED STANDING (NOT LONGER THAN _10_ MINUTES EVERY _60_ (MINUTES)
__α__ NO PROLONGED SITTING (NO LONGER THAN) _10_ MINUTES EVERY _60_ (MINUTES)
__X__ NO CLIMBING
__α__ NO BENDING, STOOPING OR TWISTING
__α__ NO LIFTING OVER _5_ LBD.
__α__ NO CRAWLING
_____ NO PROLONGED WALKING (NOT MORE THAN _____ FEET WITHOUT RESTING)
__X__ NO USE OF (RT/LFT/BOTH)   ARM(S)  RESTRICTIONS: _hands / wrists_

_____ NO WEIGHT BEARING (RT/LFT)  LEG
_____ LIMITED WEIGHT BEARING (RT/LFT)  LEG
_____ OTHER _____

*ENVIRONMENT:*
_____ MAY NOT WORK AROUND HEAT
__α__ MAY NOT WORK AROUND OR USE MACHINERY
__α__ MAY NOT WORK AT HEIGHTS
_____ MAY NOT WORK WITH HANDS IN WATER
_____ MAY NOT WORK OUTDOORS
_____ MAY NOT WORK IN DUSTY AREAS
_____ OTHER _____

BEGINNING DATE: _6/22/06_

*DURATION:*
TEMPORARY (LESS THAN 6 MONTHS )          OR          PERMANENT (6 MONTHS OR MORE)
_____ DAYS (MORE THAN 3 DAYS)                _____ MONTHS
_____ WEEKS                                  ___α_____ (1) YEAR
_____ MONTHS                                 _____ PERMANENT
_____ ENDING DATE                            _6/22/07_ ENDING DATE

UPON EXPIRATION OF THIS CHRONO THE PATIENT'S STATUS WILL REVERT TO UNRESTRICTED AND ELIGIBLE FOR
WORK UNLESS THE PATIENT RETURNS TO THE MEDICAL CLINIC FOR FURTHER EVALUATION AND POSSIBLE
EXTENSION.

_____          _6/22/06_
ORDERING PHYSICIAN'S SIGNATURE              DATE

ORIG: CENTRAL FILE
   CC:  UNIT HEALTH RECORD
        CC I/
        ADA COORDINATOR
        INMATE/ASSIGNMENT
        INMATE

CDC-128-G (Rev.2/69)

No.  P80719   NAME:  STRONG   PS:  19   LEVEL  II   EPRD  8/08/2010
Custody:  MED AR   WG/PG:  A1A   EFF:  6/22/06   Next Annual   6/07
Assignment:  TOTALLY MEDICALLY DISABLED   Comments:   ANNUAL REVIEW: P/O
TB Code:  32   DATED:  2/24/06   Reading Level:   GED   TOTALLY MEDICALLY
                                                    DISABLED STATUS PER CDC
                                                    128-C DATED 6/22/06.
                                                    ESTABLISH WG/PG A1A EFF
                                                    6/22/06 THROUGH 6/22/07.
                                                    DELETE ALL W/L'S.

S appeared before the Facility VI UCC this date for his annual review.  UCC notes CDC 128-C dated 6/22/06 (Duty Limitations Chrono) with numerous listed limitations of which included "No Use of Right/Left/Both Hands/Wrists". Noting these limitations, S is unable to perform the primary function of any of the available programs at ASP.  His Placement Score was adjusted based on work and disciplinary history from 6/05 to 6/06.  His next re-classification is 6/07.  Disciplinary history reflects no RVR's, resulting in (2) periods of disciplinary-free behavior.  Work history reflects no work grades due to unassignment, resulting in no periods of average to above average work performance. His placement score remained (19) due to a Mandatory Minimum Placement Score for (E) (SEX).  Custody was reviewed and remains MED AR.  Therefore, UCC elects to:  Place on Totally Medically Disabled Status per CDC 128-C dated 6/22/06, Establish WG/PG A1A Effective 6/22/06 through 6/22/07, and Delete All Waiting Lists.  S is included in the Mental Health Treatment Population at the CCCMS Level of Care per CDC 128 (C) Dated 7/30/05. Case factors remain consistent with Initial Classification Chrono Dated 10/05/05.  S stated he disagreed with committee's decision by stating that he would like to transfer to another institution based on the aforementioned Duty Limitations Chrono.  S further stated that he needs access to an electrical typewriter due to the limitations that were previously noted.  It was explained to S that his transfer request was denied due to S being appropriately housed at ASP (in-level, level II) and noting that his limitations can be accommodated via the assistance of a DPP Aide as well as access to an electrical typewriter in the law library as well as the Support Office on Facility VI.  S continued to disagree with committee's decision regarding this request.  S was advised of his right to appeal.

Comm. Members   S.K. PENNYWELL, FC(H)   M.A. ESCOBAR, CCII   K.M. RAMIREZ, CCI (A)
                Chairperson              Recorder              Member

Date:  07/11/06   UCC/  ANNUAL REVIEW                         ME

*logged 8-27-07 VP*

| AVENAL STATE PRISON | DUTY LIMITATIONS CHRONO | CDC-128C |

NAME: *Strong, George* CDC# *P80719* HOUSING# *320 - 47L*

BASED ON THIS INMATE'S:
_____ ACUTE MEDICAL CONDITION
_____ CHRONIC MEDICAL CONDITION
_____ TEMPORARY DISABILITY
_____ PERMANENT DISABILITY (SEE 1845)

ASP MEDICAL DEPARTMENT'S RECOMMENDATIONS FOR ACTIVITY RESTRICTIONS:

**MOVEMENT – POSITION:**
_____ NO PROLONGED STANDING (NOT LONGER THAN _10_ MINUTES EVERY _60_ MINUTES)
_____ NO PROLONGED SITTING (NOT LONGER THAN _10_ MINUTES EVERY _60_ MINUTES)
_____ NO CLIMBING.
_____ NO BENDING, STOOPING OR TWISTING
_____ NO LIFTING OVER _5_ POUNDS.
_____ NO CRAWLING
_____ NO PROLONGED WALKING (NOT MORE THAN _____ FEET WITHOUT RESTING)
_____ NO USE OF (RT/LT/BOTH) HANDS/ARMS
_____ NO REPETITIVE USE OF (RT/LT/BOTH) ARM (S): RESTRICTIONS: _____

_____ NO WEIGHT BEARING (RT/LT) LEG
_____ LIMITED WEIGHT BEARING (RT/LT) LEG
_____ OTHER _____

**ENVIRONMENT:**
_____ MAY NOT WORK AROUND HEAT
_____ MAY NOT WORK AROUND OR USE MACHINERY
_____ MAY NOT WORK AT HEIGHTS
_____ MAY NOT WORK WITH HANDS IN WATER
_____ MAY NOT WORK OUTDOORS
_____ MAY NOT WORK IN DUSTY AREAS
_____ OTHER _____

BEGINNING _8/27/7_

**DURATION:**
_____ TEMPORARY (LESS THAN 6 MONTHS)   OR   PERMANENT ( 6 MONTHS OR MORE)
_____ DAYS (MORE THAN 3 DAYS)                        _____ MONTHS
_____ WEEKS                                                        _____ ONE YEAR
_____ MONTHS                                                     _____ PERMANENT
_____ END DATE                                                   _____ END DATE

*UPON EXPIRATION OF THIS CHRONO THE PATIENT'S STATUS WILL REVERT TO UNRESTRICTED, ELIGIBLE FOR WORK UNLESS THE PATIENT RETURNS TO THE MEDICAL CLINIC FOR FURTHER EVALUATION AND POSSIBLE EXTENSION.*

_____
ORDERING PHYSICIAN SIGNATURE

CC. CENTRAL FILE
UNIT HEALTH RECORD
CCH
ADA COORDINATOR
INMATE ASSIGNMENT
CLASSIFICATION
INMATE

COPY

DATE: _8/27/7_

ASP MEDICAL/PSYCHIATRIC/DENTAL

# EXHIBIT

# B

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

None

1. Barrier Free/Wheelchair Access  P / T _____
2. Ground Floor Cell  P / T _____
3. Continuous Powered Generator  P / T _____

4. (Bottom Bunk)  P / T _____
5. Single Cell (See 128-C date: _____ )  P / T _____
6. Permanent OHU / CTC (circle one)
7. Other _____  P / T _____

## B. MEDICAL EQUIPMENT/SUPPLIES

None

8. Limb Prosthesis  P / T _____
9. Brace  P / T _____
10. Crutches  P / T _____
11. Cane: (type) _____  P / T _____
12. Walker  P / T _____
13. Dressing/Catheter/Colostomy Supplies  P / T _____
14. Shoe: (specify) _____  P / T _____
15. Dialysis-Peritoneal  P / T _____

16. Wheelchair: (type) _____  P / T _____
17. Contact Lens(es) & Supplies  P / T _____
18. Hearing Aid  P / T _____
19. Special Garment: (specify) _____  P / T _____
20. Rx. Glasses: _____  P / T _____
21. Cotton-Bedding  P / T _____
22. Extra Mattress  P / T _____
23. Other _____  P / T _____

## C. OTHER

None

24. Attendant to assist with meal access  P / T _____
    and other movement inside the institution.

Attendant will not feed or lift the inmate/patient
or perform elements of personal hygiene.

25. Wheelchair Accessible Table  P / T _____

26. Therapeutic Diet: (specify) _____  P / T _____
27. Communication Assistance  P / T _____
28. Transport Vehicle with Lift  P / T _____
29. Short Beard  P / T _____
30. Other _____  P / T _____

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☑ Yes  ☐ No

If yes, specify: _NO PROLONGED STANDING SITTING NO LIFTING > 5 lbs_

| INSTITUTION _CRC MTS_ | COMPLETED BY (PRINT NAME) _SOMI_ | TITLE _____ |
|---|---|---|
| SIGNATURE | DATE _4 18 06_ | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE | _P 80719_ |
| APPROVED (list the number of items approved) | 1 Mattress | _STRONG GEORGE_ |
| DENIED (list the number of items denied) | 8-31-06 | _305/100_  DOB: _12-10-57_ |

COMPREHENSIVE ACCOMMODATION
CHRONO

CDC 7410 (08/04)

Distribution:
Original - Unit Health Record     Canary - Central File     Pink - Correctional Counselor     Gold - Inmate

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | |
|---|---|---|---|
| None | | Bottom Bunk | P/T |
| Barrier Free/Wheelchair Access | P/T | Single Cell (See 128-C date: _____ ) | P/T |
| Ground Floor Cell | P/T | Permanent OHU / CTC (circle one) | P/T |
| Continuous Powered Generator | P/T | Other _____ | P/T |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) _____ | P/T |
| Limb Prosthesis | P/T | Contact Lens(es) & Supplies | P/T |
| Brace  WRIST | P/T | Hearing Aid | P/T |
| Crutches | P/T | Special Garment: | |
| Cane: (type) _____ | P/T | (specify) | P/T |
| Walker | P/T | Rx. Glasses: _____ | P/T |
| Dressing/Catheter/Colostomy Supplies | P/T | Cotton Bedding | P/T |
| Shoe: (specify) _____ | P/T | Extra Mattress | P/T |
| Dialysis Peritoneal | P/T | Other _____ | P/T |

## C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P/T |
| Attendant to assist with meal access and other movement inside the institution. | P/T | Communication Assistance | P/T |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P/T |
| | | Short Beard | P/T |
| Wheelchair Accessible Table | P/T | Other _____ | P/T |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☑ Yes   ☐ No

If yes, specify: _No prolonged standing sitting climbing No pulling pushing lifting or carrying more than 15 lb._

| | | |
|---|---|---|
| INSTITUTION  CRC #0  559-935-1536 | COMPLETED BY (PRINT NAME)  THAI VAN DO | TITLE  MD |
| SIGNATURE | DATE  3/6/07 | |
| HCM/CMO SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| (CIRCLE ONE)   APPROVED / DENIED | | |

COMPREHENSIVE ACCOMMODATION CHRONO

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | | |
|---|---|---|---|---|
| None | | Bottom Bunk | P **(T)** | 1 year |
| Barrier Free/Wheelchair Access | P / T | Single Cell (See 128-C date: _____ ) | P / T | |
| Ground Floor Cell | P **(T)** 1 year | Permanent OHU / CTC (circle one) | P / T | |
| Continuous Powered Generator | P / T | Other | P / T | |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | | |
|---|---|---|---|---|
| None | | Wheelchair: (type) _____ | P / T | |
| Limb Prosthesis | P / T | Contact Lens(es) & Supplies | P / T | |
| **(Brace)** | P **(T)** 1 year | Hearing Aid | P / T | |
| Crutches | P / T | Special Garment: | | |
| Cane: (type) _____ | P / T | (specify) | P / T | |
| Walker | P / T | Rx. Glasses: _____ | P / T | |
| Dressing/Catheter/Colostomy Supplies | P / T | Cotton Bedding | P / T | |
| Shoe: (specify) Soft shoes | P **(T)** 1 year | Extra Mattress | P / T | |
| Dialysis Peritoneal | P / T | Other | P / T | |

## C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P / T |
| Attendant to assist with meal access and other movement inside the institution. | P / T | _____ | |
| | | Communication Assistance | P / T |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | P / T | Transport Vehicle with Lift | P / T |
| | | Short Beard | P / T |
| Wheelchair Accessible Table | P / T | Other | P / T |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments? ☒ Yes   ☐ No   Light Restricted duty
If yes, specify: No prolonged standing sitting no climbing no lifting over 5 lbs cannot use hands effectively due to medical condition

| INSTITUTION CRC | COMPLETED BY (PRINT NAME) THAI VAN DO | TITLE MD |
|---|---|---|
| SIGNATURE | DATE 3/5/07 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE | P 80719 |
| (CIRCLE ONE)   APPROVED / DENIED | | Strong, George 12-10-57 303/100 |

COMPREHENSIVE ACCOMMODATION
CHRONO

CDC 7410 (03/04)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | |
|---|---|---|
| None | | |
| Barrier Free/Wheelchair Access | P / T ____ | |
| Ground Floor Cell | P (T) 1 year | |
| Continuous Powered Generator | P / T ____ | |
| Bottom Bunk | P (T) 1 year |
| Single Cell (See 128-C date: _____ ) | P / T |
| Permanent OHU / CTC (circle one) | P / T |
| Other _____ | P / T |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | |
|---|---|---|
| None | | |
| Limb Prosthesis | P / T ____ |
| Brace ( WRIST ) | P (T) 1 year |
| Crutches | P / T ____ |
| Cane: (type) ____ | P / T ____ |
| Walker | P / T ____ |
| Dressing/Catheter/Colostomy Supplies | P / T ____ |
| Shoe: (specify) SOFT | P (T) 1 year |
| Dialysis Peritoneal | P / T ____ |
| Wheelchair: (type) _____ | P / T |
| Contact Lens(es) & Supplies | P / T |
| Hearing Aid | P / T |
| Special Garment: | |
| (specify) _____ | P / T |
| Rx. Glasses: _____ | P / T |
| Cotton Bedding | P / T |
| Extra Mattress | P / T |
| Other _____ | P / T |

### C. OTHER

| | | |
|---|---|---|
| None | | |
| Attendant to assist with meal access and other movement inside the institution. | P / T ____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | |
| Wheelchair Accessible Table | P / T |
| Therapeutic Diet: (specify) | P / T |
| Communication Assistance | P / T |
| Transport Vehicle with Lift | P / T |
| Short Beard | P / T |
| Other _____ | P / T |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?   ☑ Yes   ☐ No

If yes, specify: _No prolonged standing, sitting, climbing. No pulling, pushing, lifting more than 15 lbs._

| INSTITUTION CRC | COMPLETED BY (PRINT NAME) THAI VAN DO | TITLE MD |
|---|---|---|
| SIGNATURE | DATE 3/6/07 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE 3.6.07 | P 80719 |
| (CIRCLE ONE) (APPROVED) / DENIED | | Strong, George |
| | | 12-10-57 |
| | | 303/100 |

COMPREHENSIVE ACCOMMODATION
CHRONO

Distribution:

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS**: A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

**None**

| | | |
|---|---|---|
| 1. Barrier Free/Wheelchair Access | P / T _____ | |
| 2. Ground Floor Cell | P / (T) 1 yr | |
| 3. Continuous Powered Generator | P / T _____ | |
| 4. Bottom Bunk | P (T) 1 yr | |
| 5. Single Cell (See 128-C date: _____ ) | P / T | |
| 6. Permanent OHU / CTC (circle one) | P / T | |
| 7. Other | P / T | |

## B. MEDICAL EQUIPMENT/SUPPLIES

**None**

| | | |
|---|---|---|
| 8. Limb Prosthesis | P / T _____ | |
| (9.) Brace   WRISTS | P / (T) Brace 1 year | |
| 10. Crutches | P / T _____ | |
| 11. Cane: (type) | P / T _____ | |
| 12. Walker | P / T _____ | |
| 13. Dressing/Catheter/Colostomy Supplies | P / T _____ | |
| 14. Shoe: (specify) Soft Shoes | P / (T) 1 yr | |
| 15. Dialysis Peritoneal | P / T _____ | |
| 16. Wheelchair: (type) _____ | P / T | |
| 17. Contact Lens(es) & Supplies | P / T | |
| 18. Hearing Aid | P / T | |
| 19. Special Garment: (specify) _____ | P / T | |
| 20. Rx. Glasses: _____ | P / T | |
| 21. Cotton Bedding | P / T | |
| 22. Extra Mattress | P / T | |
| 23. Other | P / T | |

## C. OTHER

**None**

| | |
|---|---|
| 24. Attendant to assist with meal access and other movement inside the institution. | P / T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | |
| 25. Wheelchair Accessible Table | P / T _____ |
| 26. Therapeutic Diet: (specify) | P / T |
| 27. Communication Assistance | P / T |
| 28. Transport Vehicle with Lift | P / T |
| 29. Short Beard | P / T |
| 30. Other | P / T |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?   ☑ Yes   ☐ No   No prolonged standing

If yes, specify: and sitting more than 10 min. every 60 minutes. No climbing. No lifting over 5 lbs. No crouching limited bending, stooping or twisting. No lifting over 5 lbs. No crouching use of both hands and wrists. No work around or use machinery or at height.

| INSTITUTION   CRC   Duration: 6 months | COMPLETED BY (PRINT NAME): THAI DO | TITLE   MD |
|---|---|---|
| SIGNATURE | DATE   3/20/07 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE   3/22/07 | P.80719 |
| APPROVED (list the number of items approved) | | Strong, George |
| DENIED (list the number of items denied) | | 12-10-57 |
| | | 303 / 100 |

COMPREHENSIVE ACCOMMODATION
CHRONO

Distribution:
Original - Unit Health Record     Canary - Central File     Pink - Correctional Counselor     Gold - Inmate

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
California Rehabilitation Center
PO Box 1841
Norco, CA 92860



March 28, 2007

Inmate George Berry Strong
P-80719 302-58
California Rehabilitation Center
Norco, CA 92680

Inmate Strong:

SECOND LEVEL RESPONSE APPEAL LOG NUMBER CRC-3-07-00210

An investigation of your appeal has been completed.   Your complaint and
remedial action have been completed.   All documentation relative to your case
has been reviewed.

You allege that while housed at Avenal State Prison (ASP) your hands and
wrists were x-rayed and examined by a doctor and you were diagnosed with
having carpal tunnel syndrome and issued braces.  You claimed that you were
also scheduled to be seen by a specialist for your condition.  You further state
that upon your arrival to the California Rehabilitation Center (CRC) you were
also examined by the doctor and scheduled to be seen by a specialist,
approximately four months ago.  On August 3, 2006, your case was reviewed
by the Unit Classification Committee (UCC) at Avenal State Prison (ASP).  At
that time ASP-UCC elected to place totally medically disabled status per CDC
128-C dated June 22, 2006, establish WG/PG A1A effective June 22, 2006
through June 22, 2007, and delete all wait lists. On February 21, 2007, you
were assigned to the Facility III as a Dorm Porter in Dorm 302.  You referred to
this as cruel and unusual punishment, as you have limited use of both your
hands, as stated in the CDC 128C dated June 22, 2006.

You request that CRC honor the UCC action rendered at ASP on August 3,
2006, to place you totally medically disable status, retain WG/PG A1A effective
June 22, 2006 through June 22, 2007.  You also request to be removed from
your current assignment as the Dorm 302 Porter and that you are immediately
evaluated by a medical practitioner with expertise in the treatment of carpal
tunnel syndrome.

Inmate George Berry Strong
P-80719 302-58
Page 2

An investigation of the appeal revealed the following information: On August 3, 2006 your case was reviewed by UCC at ASP and you were placed on totally medically disabled status, WG/PG retain A1A from June 22, 2006 to June 22, 2007, and delete all wait lists based on CDC 128C dated June 22, 2006. On August 31, 2006, CRC UCC reviewed your case and elected to retain A1A and place top wait list, (light restricted duty), no culinary. On February 21, 2007 you were assigned as the Dorm Porter in Dorm 302. On March 27, 2007, your case was reviewed by the Institution Classification Committee (ICC). ICC elected to place you medically unassigned and retain WG/PG A1A through June 22, 2007, pending evaluation by a medically specialist.

On March 28, 2007, an interview with the Outside Consultant staff revealed that you have been scheduled for an appointment in the very near future to be seen by an outside orthopedic doctor.

Based on all the information provided, ICC has placed you medically unassigned and retained your A1A status through June 22, 2007.

Based on the aforementioned, your appeal is granted.

If you are dissatisfied with this decision, you may appeal to the Director's level using Section "H" of your CDC 602 form.

Sincerely,

MATTHEW MARTEL
Chief Deputy Warden

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS
RECEPTION CENTER MEDICAL CLEARANCE / RESTRICTION INFORMATION CHRONO                CDC 128-C-1 (1)

COMMITTED NO.                NAME

## MEDICAL ELIGIBILITY

☐ FULL DUTY ELIGIBLE

☐ CAMP

☐ SOP

☐ RESTRICTED / LIGHT DUTY

☐ MEDICALLY UNASSIGNED
  ☐ LONG TERM
  ☐ SHORT TERM

☐ WHEELCHAIR DISABLED
   PROGRAM ELIGIBLE

☐ FOOD HANDLING
  ☐ CLEARED
  ☐ NOT CLEARED

## MEDICAL RESTRICTIONS:

☐ SEIZURE DISORDER
   DATE OF LAST
   SEIZURE

OTHER RESTRICTIONS:

## CHRONIC INFECTIOUS DISEASE GROUP I, II, III, IV

☐ COMMUNICABLE DISEASE
   ☐ TB   ☐ HEPATITIS   ☐ OTHER
  ☐ ROUTINE FOLLOW-UP NEEDED
  ☐ URGENT FOLLOW-UP NEEDED

☐ HEARING IMPAIRED
  ☐ HAS HEARING AID   ☐ NO HEARING AID

☐ BLIND   ☐ SERIOUS VISION PROBLEM

   MEDICATION ALLERGIES   ☐ YES   ☐ NO

☐ DIABETIC   ☐ ORAL   ☐ INJECTION

☐ RESPIRATORY (ie. ASTHMA)
  ☐ MEDICATION REQUIRED

☐ HEART DISEASE / VALVE DYSFUNCTION
   MEDICATION REQUIRED

☐ ORTHOPEDIC PROBLEM, DIFF. WALKING
  ☐ LOWER BUNK NEEDED
  ☐ LOWER TIER NEEDED

## MOBILITY IMPAIRED

☐ PARAPLEGIC        ☐ QUADRIPLEGIC
☐ WHEELCHAIR       ☐ WALKER
☐ CANE

☐ AMPUTEE
  ☐ LEG(S)   ☐ L   ☐ R
  ☐ ARM(S)   ☐ L   ☐ R

☐ PROSTHESIS
  ☐ FULL   ☐ PARTIAL

## PSYCHIATRIC CONDITION

☐ CLEARED   ☐ NEEDS EVAL.

☐ PSYCHIATRIC MEDICATION REQUIRED
  ☐ YES   ☐ NO

## DENTAL CLASS   1   2   3   4

☐ FOLLOW-UP NEEDED
  ☐ ROUTINE   ☐ URGENT

☐ PREGNANT   TRIMESTER   1   2   3

DISTRIBUTION:
ORIG - C-FILE   COPY - C.C.   COPY - INMATE   COPY - MED.
COPY - C&PR

INSTITUTION          PHYSICIAN SIGNATURE AND TITLE                    DATE

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:   MAY 1 0 2007

In re:   Strong, P-80719
California Rehabilitation Center
P.O. Box 1841
Norco, CA 92860-0991

IAB Case No.: 0612931          Local Log No.: CRC 07-00210

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner B. Sullivan, Staff Services Manager I. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that he has carpel tunnel syndrome and cannot use his hands. The appellant saw the doctor who issued him hand braces and scheduled him to see a specialist. The appellant says that it has been over six months since he was placed on the waiting list at Avenal State Prison (ASP) and four months since he was placed on the waiting list at the California Rehabilitation Center (CRC). He has yet to see a specialist. He asks to be made medically unassigned until he has been examined by the specialist. He says it is cruel and unusual punishment to make him go to work as a dorm porter when he cannot use his hands.

II   SECOND LEVEL'S DECISION: The reviewer found that while the appellant was at ASP, the Unit Classification Committee (UCC) placed him on medical unassigned status from June 22, 2006, to June 22, 2007; however, when the appellant arrived at CRC his case was reviewed and he kept his Work Group/Privilege Group (WG/PG) "A-1/A" status and was placed on a waiting list for a light restricted duty position. On February 21, 2007, the appellant was placed in the dorm porter job. On March 27, 2007, his case was reviewed by the Institution Classification Committee (ICC) and he was placed medically unassigned through June 22, 2007, pending evaluation by a medical specialist. The appellant is scheduled to see the orthopedic doctor soon. He has retained his placement in WG/PG "A-1/A." The appeal is granted at the Second Level of Review.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.   FINDINGS: At the Director's Level of Review, the appellant says that on March 27, 2007, the doctor issued him a CDC Form 128-C-1, Reception Center Medical Clearance, stating he is unable to perform any job duty due to his medical condition. The appellant claims he should now be medically unassigned until March 27, 2008.

The appellant is currently medically unassigned pending evaluation by an orthopedic specialist. Once that appointment is completed, medical staff will re-evaluate the appellant accordingly. The appellant must understand that medical staff may make recommendations; however, the UCC or ICC ultimately are responsible for changing the appellant's WG/PG and work assignments. After considering the evidence and arguments herein, it has been determined that staff acted appropriately on the appellant's request.

B.   BASIS FOR THE DECISION:
Armstrong v. Davis Court Ordered Remedial Plan: ARPI, ARPII.A, ARPII.F
California Code of Regulations, Title 15, Section: 3270, 3350, 3354

C.   ORDER: No changes or modifications are required by the institution.

STRONG, P-80719
CASE NO. 0612931
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, CRC
      Health Care Manager, CRC
      Appeals Coordinator, CRC
      Medical Appeals Analyst, CRC

AVENAL STATE PRISON        DUTY LIMITATIONS CHRONO        CDC-128C

NAME: _Strang George_  CDC# _P80719_  HOUSING# _640·80L_

BASED ON THIS INMATE'S:

_____ ACUTE MEDICAL CONDITION
_____ CHRONIC MEDICAL CONDITION
_____ TEMPORARY DISABILITY
__✓__ PERMANENT DISABILITY (SEE 1845)

ASP MEDICAL DEPARTMENT'S RECOMMENDATIONS FOR ACTIVITY RESTRICTIONS:

*MOVEMENT – POSITION:*
__✓__ NO PROLONGED STANDING (NOT LONGER THAN _30_ MINUTES EVERY _60_ MINUTES)
_____ NO PROLONGED SITTING (NOT LONGER THAN _____ MINUTES EVERY _____ MINUTES)
__✓__ NO CLIMBING.
__✓__ NO BENDING, STOOPING OR TWISTING
_____ NO LIFTING OVER _____ POUNDS.
__✓__ NO CRAWLING
__✓__ NO PROLONGED WALKING (NOT MORE THAN _300_ FEET WITHOUT RESTING)
_____ NO USE OF (RT/LT/BOTH)  HANDS/ARMS
_____ NO REPETITIVE USE OF (RT/LT/BOTH)  ARM (S):   RESTRICTIONS:

_____ NO WEIGHT BEARING (RT/LT)  LEG
_____ LIMITED WEIGHT BEARING (RT/LT)  LEG
_____ OTHER _____

*ENVIRONMENT:*
_____ MAY NOT WORK AROUND HEAT
__✗__ MAY NOT WORK AROUND OR USE MACHINERY
__✓__ MAY NOT WORK AT HEIGHTS
_____ MAY NOT WORK WITH HANDS IN WATER
_____ MAY NOT WORK OUTDOORS
_____ MAY NOT WORK IN DUSTY AREAS
_____ OTHER _____

BEGINNING _____

*DURATION:*
TEMPORARY (LESS THAN 6 MONTHS)          OR          PERMANENT ( 6 MONTHS OR MORE)
_____ DAYS (MORE THAN 3 DAYS)                                    _____ MONTHS
_____ WEEKS                                                                      _____ ONE YEAR
_____ MONTHS                                                                   __✓__ PERMANENT
_____ END DATE                                                                _____ END DATE

*UPON EXPIRATION OF THIS CHRONO THE PATIENT'S STATUS WILL REVERT TO UNRESTRICTED, ELIGIBLE FOR WORK UNLESS THE PATIENT RETURNS TO THE MEDICAL CLINIC FOR FURTHER EVALUATION AND POSSIBLE EXTENSION.*

_____
*ORDERING PHYSICIAN SIGNATURE*

CC. CENTRAL FILE
UNIT HEALTH RECORD
CC-II _INYPS_
ADA COORDINATOR
INMATE ASSIGNMENT
CLASSIFICATION
INMATE

Inmate Copy

DATE: _10/28/01_                    ASP MEDICAL/PSYCHIATRIC/DENTAL

# CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

NAME: **STRONG**           CDCR #: **P80719**           BED

## COMMITTEE ACTION SUMMARY

REFER CSR RX TX SATF-II (SNY) ALT PVSP-II (SNY).

## COMMITTEE COMMENTS

Inmate STRONG appeared before is Initial Classification Committee (ICC) today for his Initial GP Review. STRONG stated that his health was good and was willing to proceed. STRONG received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, STRONG was introduced to the committee members. ICC notes STRONG was transferred to California Rehabilitation Center from Avenal State Prison on 10-3-2007. STRONG was transferred to California Institution for Men on 10-4-2007. STRONG was originally transferred to Avenal State Prison on 8-16-2007, due to safety and security concerns while housed at CRC. During this transitional period, STRONG made numerous accusations of misconduct against CRC staff and administration. In order to avoid a conflict of interest araising from the accusations of misconduct, and to avoid further perceived legitimate injustices, STRONG should be housed at another institution. ICC elects to refer the case to the CSR and recommend transfer consideration to SATF-II (SNY) with PVSP-II (SNY) as an alternate. ICC notes STRONG was recommended transfer to SATF-II and KVSP-II SNY facilities by CRC ICC on 6-14-2007, however, both institutions were closed to intake. ASP UCC of 9-2007, recommended transfer to KVSP-II and SVSP-II SNY, however, both institutions were closed to intake. STRONG will transfer A1A status effective 6-22-2006. STRONG was given at lease 72 hours notice of this Classification Hearing.

Based upon a review of STRONG'S Central File, case factors, and through discussion with him, committee elects to: **Refer CSR RX Tx SATF-II (SNY) alt PVSP-II (SNY).**

At the conclusion of this review, STRONG was informed of his Appeal Rights with regards to this committee's actions. STRONG acknowledged his understanding and ~~agreement~~ *disagreement* with committee's actions.

STAFF ASSISTANT
Not Assigned: (Participant in MHSDS but able to comprehend issues)

## INMATE CASE FACTORS

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| MEDA R | 19/11 | A1A - 5/22/2006 | EPRD 8/8/2010 | GED | 6/1/2007 | 49 | BLA | 2nd | N/A |
| 8/18/2006 | | AVE - Non-Adverse | 6/1/2000 | San Bernardino | | 13 years 8 mos | | | $18695.00 |
| | | | | Assault w/Deadly Weapon | | | | | |
| Inflict Corporal Injury on Spouse/Cohab, Narcotic Related, False I.D. to P.O., Vandalism, Burglary Instant Offense, Rape, Sodomy | | | | | 3/4/04 Mutual Combat, 2/24/05 Inciting | | | | |
| R-Suffix Affixed Appropriately | | | | Clear as of 4/26/2006 | | | Clear as of 10/26/2006 | | |
| Noted on CDC 812 | | | | No Gang | | | Clear | | |
| Medically Unassigned | | 34 - 2/24/2006 | | | DNM | | noted | | |
| CCCMS | | | | Meets MDO Criteria | | | NCF | | |
| HOUSING: Dorm | Double Cell | Camp Eligible: No SEX - PSY | SAP Eligible: No TIM - | | MCCF Eligible: No SEX - PSY | | | | |
| INTEGRATION | | MSF Eligible: No SEX - PSY | CCRC Eligible: No SEX - PSY | | | | | | |
| | | CCF Eligible: No SEX - PSY | Rest. Center Eligible: No SEX - PSY | | VIO Review Date: | | | | |
| US Citizen | | | None | | | Unassigned | | | |

## COMMITTEE MEMBERS

*MEMBERS*
G. Garcia, AW
T. LAKIN, CCI

*CHAIRPERSON*
R. L. Johnston, CDW(A)

*RECORDER*
R. Moore, CCII (Spec)

Committee Date: 10/16/2007           **INITIAL GP REVIEW**           Committee

Typed By: RDM · Distribution: C-File & Inmate           CALIFORNIA REHABILITATION CENTER           Classification Chrono CDCR 128G (Rev 4/07)

# CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

NAME: STRONG                CDC #: P80719                                    BED: -

### COMMITTEE ACTION SUMMARY

RE-AFFIRM TX RX OF ICC OF 10-16-2007, TO SATF-II (SNY) ALT PVSP-II (SNY). REASON FOR TRANSFER HAS CHANGED.

### COMMITTEE'S COMMENTS

Inmate STRONG appeared before California Rehabilitation Center's (CRC's) Institutional Classification Committee (ICC) today for his Program/Special Review. STRONG stated that his health was good and was willing to proceed. STRONG received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, STRONG was introduced to the committee members. ICC notes STRONG was transferred to CRC-II (SNY) from ASP-II (SNY) on 10-3-2007, and transferred to CIM-East on 10-4-2007. STRONG was originally transferred to ASP-II on 8-16-2007, due to safety and security concerns while housed in the CRC General Population. STRONG was returned to CRC-II (SNY) due to medical needs and conditions not afforded at ASP-II (SNY). Committee notes STRONG was referred to other institutions in both cases, however they were all colosed to intake. On 10-18-2007, STRONG was issued a CDCR-1845, Disability Placement Program Verification (DPPV), listing permanent disabilities NOT impacting placement (DNM). However, the CDCR-1845 listed restrictions on placement as a result of STRONG's mobility impairments. Among those housing restrictions are requirements that he not be housed at certain institutions, including CRC, due to need for placement with "relatively level terrain and no obstructions in path of travel". Committee notes ICC of 10-16-2007, listed restrictions on placement predicated on alternate issues. The recommended locations for transfer remain valid. Committee elects to Re-recommended transfer predicated on alternate issues. The recommended locations for transfer remain valid. Committee elects to Re-refer the case to CSR for transfer consideration to SATF-II (SNY) with PVSP-II (SNY) as an alternate. STRONG will transfer in A1A earning status effective 6-22-2006, as this is considered a non-adverse transfer. STRONG received at least 72 hours notice of this Classfication Hearing. Complete Case factors are located in 128G dated 10-16-2007.

Based upon a review of STRONG'S Central File, case factors, and through discussion with him, committee elects to: Re-Affirm Tx Rx of ICC of 10-16-2007, to SATF-II (SNY) alt PVSP-II (SNY). Reason for Transfer has Changed.

At the conclusion of this review, STRONG was informed of his Appeal Rights with regards to this committee's actions. STRONG acknowledged his understanding and disagreement with committee's actions.

STAFF ASSISTANT

Not Assigned: (Participant in MHSDS but able to comprehend issues)

### INMATE CASE FACTORS

| CUSTODY | PS/LEVEL | WG/PG&EFF DATE | RELEASE DATE | WGPL | RECLASS | ETHNIC | PSYCH DATE 128C | NEXT BPT DATE |
|---------|----------|---------------|-------------|------|---------|--------|----------------|--------------|
| MEDA R | 19/II | A1A - 6/22/2006 | EPRD 8/8/2010 | GED | 6/1/2007 | BLA | CCCMS 7/30/2005 | N/A |

### COMMITTEE MEMBERS

*MEMBERS*
G. Oyas, AW(A) - Dr. P. Wilhovsky, PhD.

CHAIRPERSON
D. Kent, CDW(A)

RECORDER
R. Moore, CCII (Spec)

Committee Date: 10/26/2007

## PROGRAM/SPECIAL REVIEW

Committee: H102607RDM1

CALIFORNIA REHABILITATION CENTER

Classification Chrono CDCR 128G (Rev: 10/06)

DISABILITY PLACEMENT PROGRAM VERIFICATION          CHECK ALL APPLICABLE BOXES!
CDC 1845 (Rev. 01/04)

## THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B

| INMATE NAME: Strong, George | CDC NUMBER: P80719 | INSTITUTION: CIM | HOUSING ASSIGNMENT: | DATE FORM INITIATED: 10/18/07 |
|---|---|---|---|---|

*Sections A – B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| ☐ Inmate self-identifies to staff   ☒ Third party evaluation request | ☐ Blind/Vision Impaired   ☐ Speech Impaired |
| ☐ Observation by staff   ☐ Medical documentation or Central File information | ☐ Deaf/Hearing Impaired   ☒ Mobility Impaired |

*Sections C – G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES NOT IMPACTING PLACEMENT |
|---|---|
| 1. ☐ FULL TIME WHEELCHAIR USER - DPW Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. ☐ INTERMITTENT WHEELCHAIR USER - DPO Requires lower bunk, wheelchair accessible path of travel and does not require wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. ☐ MOBILITY IMPAIRMENT - With or Without Assistive Device (Wheelchairs shall not be prescribed) - DPM Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. ☒ MOBILITY IMPAIRMENT (Lower Extremities) - DNM Walks 100 yards without pause with or without assistive devices. ☐ No Housing Restrictions   ☒ See HOUSING RESTRICTIONS in Section E ☒ Requires relatively level terrain and no obstructions in path of travel. Do not place at: CCI, CMC-E, CRC, CTF-C, FSP, SAC, SCC-I or II, SOL, or SQ. (CDC 128-C: 10/18/0  ) |
| 4. ☐ DEAF/HEARING IMPAIRMENT - DPH Must rely on written communication, lip reading or signing as residual hearing. With assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. ☐ HEARING IMPAIRMENT - DNH With residual hearing at a functional level with hearing aid(s). |
| 5. ☐ BLIND/VISION IMPAIRMENT - DPV Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. ☐ SPEECH IMPAIRMENT - DPS Does not communicate effectively speaking or in writing. | 6. ☐ SPEECH IMPAIRMENT - DNS Does not communicate effectively speaking, but does when writing. |

### SECTION E: ADDITIONAL MEDICAL INFORMATION

CDC ALERT:
☒ Requires relatively level terrain and no obstructions in path of travel
☐ Complex medical needs affecting placement   ☒ CDC 128-C

HEALTH CARE APPLIANCE/ IDENTIFICATION VEST:
☐ Cane   ☐ Crutch   ☐ Walker   ☐ Leg/Arm prosthesis   ☐ Vest
☒ Other: Wrist brace   ☒ CDC 128-C(s) dated: 10/18/07

ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:
☐ Feeding or Eating   ☐ Bathing   ☐ Grooming   ☐ W/C transferring
☐ Toileting   ☐ Other: _____   ☐ CDC 128-C(s) dated: _____

OTHER DPP DESIGNATIONS:
☐ NONE

| CODE | DATED | CODE | DATED |
|---|---|---|---|

HOUSING RESTRICTIONS: ☒ Lower bunk   ☒ No stairs   ☒ No triple bunk. CDC 128-C(s) dated: 10/18/07

### SECTION F: EXCLUSIONS

☐ VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT claimed disability. (Explain in Comments Section and CDC 128-C dated _____ ).

☐ REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____ (Explain in Comments Section and CDC 128-C dated: _____ )

☐ REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): _____ (Explain in Comments Section and CDC 128-C dated: _____ )

### SECTION G: EFFECTIVE COMMUNICATION FACTORS

☐ Uses Sign Language Interpreter (SLI)   ☐ Reads Braille   ☐ Communicates with written notes   ☐ Requires large print or magnifier
☐ Reads lips   ☐ NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

PHYSICIAN'S COMMENTS: (Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)

See progress note 10/18/07 for details

| PHYSICIAN'S NAME (Print): K. MAXWELL | PHYSICIAN'S SIGNATURE: | DATE SIGNED: 10/18/07 |
|---|---|---|
| HEALTH CARE MANAGER'S/ DESIGNEE'S NAME (Print): SARV M. GROVER MD | HEALTH CARE MANAGER'S/ DESIGNEE'S SIGNATURE: Sarv M Grover | DATE SIGNED: 10.24.07 |

NOTE: After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional mail, and route the original and remaining copies to the C&PR/RC 2C-III for tracking and further distribution according to the instructions below.

DISTRIBUTION: Original - Top General Chrono Section of C-File;   Green - Chrono Section, Unit Health Record   Canary - C&PR/RC III   Pink - CC-II   Gold - Inmate

# EXHIBIT
# C

# EXHIBIT
# D

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128G (REV. 7/92)

NO: P-80719
CUSTODY:   MED-AR
EPRD: 15%-8/8/10
ASSIGN: "A" DINING

NAME: STRONG
PS/LEVEL: 19/II
WGPG: A1-A, EFF: 6/22/06
ETHNIC/DOB: BLK.-12/10/57

RC: 12/30/08
HOUSING: A3-167L
GPL: 8.4

ACTION: PROGRAM
REVIEW: REMOVE
FROM POS#
DRLFA.210, P/O MED.
UNASSIGN W/L, PEND.
FURTHER MED. EVAL.
RET. SATF II-SNY, RET.
MED-AR, A1-A, EFF:
6/22/06.

Inmate STRONG, CDC # P-80719 was seen in **Facility "A" Unit Classification Committee** this date for the purpose of **PROGRAM REVIEW** after waiver of 72 hour advance notification. 'S' voiced **no** Medical concerns. 'S' case was reviewed for predatory behavior for DDP housing unit purposes. On 4/25/08, this author called medical records and spoke to Margie to find out some information regarding Inmate Strong's medical appointment that he had on 4/21/08 with Dr. Beregovskaya. There was no order placed for a medical limitations/job restrictions chrono to be typed. The inmate was referred to an orthopedic specialist and it appeared to be an order placed for some lab work. The Progress Notes also stated MD line in 30 days and on 7/21/08 clinic follow-up. This author requested a copy of the Progress Notes be faxed over to remove 'S' from 'S' **has no** documented predatory behavior while in prison that restricts housing. 'S' **may be** housed in a DDP designated housing unit.

CASE FACTORS: 'S' CDC 840, CDC 127, & CDC 812 were reviewed and updated. Confidential file was noted. Enemies: Noted. UCC notes CDC 128G dated 12/11/07 has been reviewed and the case factors remain the same. 'S' preliminary classification score remains the same. Mandatory Minimum Placement Score is 19 points due to "R"-SUFFIX.

COMMITTEE ACTION: REMOVE FROM POS# DRLFA.210, P/O MED. UNASSIGN. W/L, PEND. FURTHER MED. EVAL., RET. SATF II-SNY, RET. MED-AR, A1-A, EFF: 6/22/06.

INMATE PARTICIPATION: 'S' participated and agreed with committee's action. 'S' was informed of committee's decision and his rights to appeal committee action.

Additional committee members: None.

A. R. Shiloh, CCI
RECORDER

R. COLLINS, CCII (A)
MEMBER

D. SCHOTTGEN, F. C. (A)
CHAIRPERSON

DATE: 4/29/08      UCC/FACILITY A          CLASSIFICATION          INST: CSATF-SP

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION · ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND
STATE PRISON-CORCORAN
900 Quebec Avenue, P.O. Box 7100
Corcoran, CA 93212



May 1, 2008

George B. Strong
CDCR # P-80719
FAB3-167L
CSATF/SP
Corcoran, CA  93212

Mr. Strong,

I am in receipt of your letter dated April 16, 2008, in regards to your job assignment.

I forwarded your concerns to Facility A, Correctional Counselor II (A) Brightwell for review and disposition.  You were seen by Unit Classification Committee (UCC) for your Initial Review on December 11, 2007, and committee elected to place you on the Support Services waiting list with restricted light duty due to your medical restrictions.

You have stated in your letter that due to your medical condition you are unable to perform specific job duties and that you are currently undergoing treatment for your medical condition.

On April 29, 2008, you were reviewed by UCC and removed from your job assignment and medically unassigned pending further medical evaluation and clarification on your job limitations.  Upon receipt of your medical restrictions, you will be scheduled and reviewed by UCC and your program needs will be re-evaluated at that time.

If you have any other questions or concerns, please contact your Correctional Counselor, A. Shiloh.

KEN CLARK
Warden

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND
STATE PRISON AT CORCORAN
900 Quebec Avenue
PO Box 7100
Corcoran, CA 93212



August 6, 2008

Rosalind Strong
887 California Privado
Ontario, CA 91762

Re: George Strong, CDC# P-80719

Dear Mrs. Strong:

This is in response to your letter dated July 13, 2008, addressed to Stephen Smith, Administrative Assistant/Public Information Officer (AA/PIO), which has been forwarded to me for response. In your letter you express concerns regarding Inmate George Strong, CDC# P-80719, medical care at the California Substance Abuse Treatment Facility and State Prison at Corcoran (CSATF).

Mr. Strong is a 51-year-old male with a history of hypertension, glaucoma, Hepatitis, carpal tunnel syndrome and left shoulder pain.

MRI of the cervical spine revealed degenerative disc disease with suspected cervical nerve impingement. Electromyogram and nerve conduction studies confirmed bilateral carpal tunnel syndrome with no evidence of cervical nerve impingement. His blood pressure is currently controlled on hydrochlorothiazide. He gets his blood pressure medication daily as prescribed.

He was seen by the orthopedic specialist on 7/9/08 for his shoulder and upper extremities pain. He is awaiting to be scheduled for surgery for carpal tunnel release. He takes neurontin for adequate pain control. He was seen and evaluated by his Primary Care Physician (PCP) on 7/22/08 and his medications were reviewed and updated. His blood pressure was normal on that appointment. He is currently on the Chronic Care Program to be seen and evaluated on regular scheduled appointments by his PCP to address his hypertension, Hepatitis C, glaucoma and pain control management. He is also scheduled to be evaluated for his Hepatitis C injection at the institution Hepatitis C clinic.

I do want to assure you that the California Department of Corrections and Rehabilitation is committed to providing appropriate care to all inmates within our institutions.

Page 2

I hope this has been of assistance to you.

Sincerely,

ANTHONY ENENMOH, MD
Chief Medical Officer (A)

NOTE:  On this date, August 5, 2008, it was noted that inmate George Strong,
CDC# P-80719, signed the CDCR 7385 "Authorization for Release of
Information" form, complying with all HIPPA laws.

# EXHIBIT

# E

4/17/2008

# Rehabilitation Management Systems, Inc.
# A Medical Corporation

648 Northfield Drive
Sacramento, CA 95833
(916) 927-3422
(916) 927-1245 FAX

| | | | | |
|---|---|---|---|---|
| **Patient:** | Strong, George | **DOB:** | 12/10/1957 | **Phys Ther:** D. White, DPT, ECS |
| **ID#:** | P80719 | **SEX:** | Male | |

## Chief Complaint:
Patient is a 50 year old Male who presents with numbness and tingling in the bilateral hands.

## EMG

| Side | Muscle | Nerve | Root | Ins Act | Fibs | Psw | Amp | Dur | Poly | Recrl | Int Pat | Comment |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Left | Upper Cervical Parasp | Rami | C3-5 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Left | Middle Cervical Parasp | Rami | C6-7 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Left | Lower Cervical Parasp | Rami | C8-T1 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Left | Deltoid | Axillary | C5-6 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Left | Triceps | Radial | C6-7-8 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Left | ExtDigCom | Radial (Post Int) | C7-8 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Left | FlexCarRad | Median | C6-7 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Left | AbdPollBrev | Median | C8-T1 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Left | 1stDorInt | Ulnar | C8-T1 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Left | FlexCarUln | Ulnar | C8-T1 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Right | Upper Cervical Parasp | Rami | C3-5 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Right | Middle Cervical Parasp | Rami | C6-7 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Right | Lower Cervical Parasp | Rami | C8-T1 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Right | Deltoid | Axillary | C5-6 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Right | Triceps | Radial | C6-7-8 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Right | ExtDigCom | Radial (Post Int) | C7-8 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Right | FlexCarRad | Median | C6-7 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Right | 1stDorInt | Ulnar | C8-T1 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Right | AbdPollBrev | Median | C8-T1 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |
| Right | FlexCarUln | Ulnar | C8-T1 | Nml | Nml | Nml | Nml | Nml | 0 | Nml | Nml | |

## Motor Nerves

| Site | NR | Onset (ms) | Norm Onset (ms) | O-P Amp (mV) | Norm Amp (mV) | Neg Dur (ms) | Segment Name | Delta-O (ms) | Dist (cm) | Vel (m/s) | Norm Vel (m/s) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Right Median (Abd Poll Brev)** | | | | | | | | | | | |
| Wrist | | 3.67 | <4.0 | 6.01 | >4.0 | 7.58 | Elbow-Wrist | 5.16 | 27.5 | 53.29 | >50.0 |
| Elbow | | 8.83 | | 5.45 | | 7.89 | | | | | |
| **Right Ulnar (Abd Dig Min)** | | | | | | | | | | | |
| Wrist | | 2.81 | <4.0 | 9.61 | >3.0 | 5.31 | B Elbow-Wrist | 4.14 | 24 | 57.97 | >50.0 |
| B Elbow | | 6.95 | | 8.44 | | 6.02 | A Elbow-B Elbow | 2.74 | 11 | 40.15 | >48.0 |
| A Elbow | | 9.69 | | 8.68 | | 6.33 | Axilla-A Elbow | 1.95 | 11 | 56.41 | |
| Axilla | | 11.64 | | 8.66 | | 6.41 | | | | | |
| **Left Median (Abd Poll Brev)** | | | | | | | | | | | |
| Wrist | | 4.30 | <4.0 | 5.08 | >4.0 | 7.11 | Elbow-Wrist | 4.84 | 26 | 53.72 | >50.0 |
| Elbow | | 9.14 | | 4.73 | | 7.81 | | | | | |

Patient:   Strong, George                Test Date:   4/17/2008                    p.   2

**Left Ulnar (Abd Dig Min)**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Wrist | 3.91 | <4.0 | 8.79 | >3.0 | 4.53 | B Elbow-Wrist | 4.61 | 24 | 52.06 | >50.0 |
| B Elbow | 8.52 | | 6.68 | | 5.63 | A Elbow-B Elbow | 3.05 | 12 | 39.34 | >48.0 |
| A Elbow | 11.56 | | 6.16 | | 5.78 | Axilla-A Elbow | 1.80 | 10 | 55.56 | |
| Axilla | 13.36 | | 5.71 | | 6.17 | | | | | |

## Sensory Nerves

| Site | NR | Peak (ms) | Norm Peak (ms) | P-T Amp (µV) | Norm Amp (µV) | Segment Name | Delta-P (ms) | Dist (cm) | Vel (m/s) | Norm Vel (m/s) |
|---|---|---|---|---|---|---|---|---|---|---|
| **Right Median Anti 3 (3rd Digit)** | | | | | | | | | | |
| Wrist | | 3.66 | <3.6 | 37.32 | >10.0 | Wrist-3rd Digit | 3.66 | 14 | 38.25 | >39.0 |
| Palm | | 1.75 | | 50.68 | >10.0 | Wrist-Palm | 1.91 | 7 | 36.65 | >39.0 |
| **Right Median Anti 2 (2nd Digit)** | | | | | | | | | | |
| Wrist | | 3.53 | <3.6 | 36.12 | >10.0 | Wrist-2nd Digit | 3.53 | 14 | 39.66 | >39.0 |
| Palm | | 1.59 | | 36.42 | >10.0 | Wrist-Palm | 1.94 | 7 | 36.08 | >39.0 |
| **Right Ulnar Anti (5th Digit)** | | | | | | | | | | |
| Wrist | | 3.47 | <3.5 | 20.09 | >10.0 | Wrist-5th Digit | 3.47 | 14 | 40.35 | >39.0 |
| **Right Radial Anti (Base 1st Dig)** | | | | | | | | | | |
| Wrist | | 3.03 | <3.5 | 9.08 | | Wrist-Base 1st Dig | 3.03 | 14 | 46.20 | |
| **Left Radial Anti (Base 1st Dig)** | | | | | | | | | | |
| Wrist | | 2.91 | <3.5 | 28.03 | | Wrist-Base 1st Dig | 2.91 | 14 | 48.11 | |
| **Left Median Anti 3 (3rd Digit)** | | | | | | | | | | |
| Wrist | | 3.59 | <3.6 | 40.44 | >10.0 | Wrist-3rd Digit | 3.59 | 14 | 39.00 | >39.0 |
| Palm | | 1.88 | | 22.76 | >10.0 | Wrist-Palm | 1.72 | 7 | 40.70 | >39.0 |
| **Left Median Anti 2 (2nd Digit)** | | | | | | | | | | |
| Wrist | | 3.62 | <3.6 | 39.41 | >10.0 | Wrist-2nd Digit | 3.62 | 14 | 38.67 | >39.0 |
| Palm | | 1.62 | | 28.06 | >10.0 | Wrist-Palm | 2.00 | 7 | 35.00 | >39.0 |
| **Left Ulnar Anti (5th Digit)** | | | | | | | | | | |
| Wrist | | 3.47 | <3.5 | 26.64 | >10.0 | Wrist-5th Digit | 3.47 | 14 | 40.35 | >39.0 |

## FWave/HReflex

| | NR | Lat1 (ms) | Lat2 (ms) | Delta (ms) | Amp (µV) |
|---|---|---|---|---|---|
| **Left Median-F (APB)** | | | | | |
| | | 29.50 | 3.10 | 26.40 | |
| **Right Median-F (APB)** | | | | | |
| | | 30.40 | 3.70 | 26.70 | |
| **Left Ulnar-F (ADM)** | | | | | |
| | | 35.30 | 3.90 | 31.40 | |
| **Right Ulnar-F (ADM)** | | | | | |
| | | 32.30 | 3.10 | 29.20 | |

Patient:   Strong, George                Test Date:   4/17/2008                          p.   4



Patient:   Strong, George          Test Date:   4/17/2008          p.   5



Patient:   Strong, George                Test Date:    4/17/2008                              p.   3

**Summary and Findings:**

The left ulnar motor nerve revealed normal distal latency, normal amplitude and decreased conduction velocity. The left ulnar F-wave latencies were prolonged as compared to the opposite side. The right ulnar motor nerve revealed normal distal latency, normal amplitude and decreased conduction velocity. The left median motor nerve revealed prolonged distal latency, normal amplitude and normal conduction velocity. The right median sensory nerve revealed prolonged distal latency, normal amplitude and decreased conduction velocity. The left median sensory nerve revealed prolonged distal latency, normal amplitude and decreased conduction velocity. The rest of the nerve conduction studies were within normal limits.

Monopolar needle EMG was performed in selected muscles of the bilateral upper extremities, innervated by C5-T1 nerve roots inclusive. No spontaneous activity was seen in any muscles tested in the form of fibrillations, positive sharp waves or fasciculations. Voluntary motor unit morphologies are otherwise normal.

**Impression:**

The above electrodiagnostic study is suggestive of the following:

1.   Mild to moderate ulnar nerve compromise at or about the elbow through the cubital tunnel on the left involving motor fibers.

2.   Mild ulnar nerve compromise at or about the elbow through the cubital tunnel on the right involving motor fibers.

3.   Mild median nerve compromise at or about the wrist through the carpal tunnel on the right affecting both sensory and motor  components.

4.   Very mild median nerve comproimise at or about the wrist through the carpal tunnel on the left involving primarily sensory fibers.

5.   There is no electrophysiological evidence of a radiculopathic process in either upper extremity.

Darin White, DPT, ECS
*ABPTS Board Certified in Clinical EMG/NCS*

*This study has been performed in accordance with the California Business and Professions Code, and with the California Code of Regulations. The findings in this report do not represent diagnostic interpretations or medical diagnosis. The results of the electromyographic examination must be integrated with the patient's history, clinical examination, and the results of any other tests performed in establishing a medical diagnosis.*

| | |
|---|---|
| patient | STRONG, George |
| housing | FAB 2T1 167L |
| CDC # | P80719 |
| date/birth | 12/10/57 |
| date | 06/10/08 |
| physician | Beregovskaya |

**Procedure:**   *MRI of the Cervical Spine*

**Indication:**   Bilateral upper extremity paresis.

**Protocol:**   The MRI of the cervical spine is presented in sagittal T1-weighted and T2-weighted sequences. Oblique axial gradient echo sequence parallel to the intervertebral discs is also available from the C2 to the T1 levels. Oblique sagittal T2-weighted sequence perpendicular to the neural canals is also presented, as well as a sagittal fat-saturated intermediate weighted sequence.

**Findings:**   The cervicomedullary junction and the spinal cord appear unremarkable. Desiccation of the intervertebral discs and osteophytes are consistent with degenerative disc disease. This accounts for the adjacent vertebral body marrow signal changes. Otherwise, there is no evidence for acute displaced fracture or dislocation. The vertebral body statures are well maintained. Anterior disc protrusions are visible from the C4 to the C7 levels.

At the C2-3 level, there is no evidence of posterior disc protrusion, spinal stenosis, significant narrowing of neural canals or definite impingement of the C3 nerve roots.

At the C3-4 level, there is no evidence of posterior disc protrusion, spinal stenosis, significant narrowing of neural canals or definite impingement of the C4 nerve roots.

At the C4-5 level, minimal posterior disc bulge is visualized. There is no evidence for spinal stenosis. The neural canals are patent without impingement of the C5 nerve roots.

At the C5-6 level, right posterolateral disc bulge is noted. There is no evidence for spinal stenosis. The right neural canal is narrowed with suspected impingement of the right C6 nerve root.

At the C6-7 level, there is no evidence of posterior disc protrusion, spinal stenosis, significant narrowing of neural canals or definite impingement of the C7 nerve roots.

At the C7-T1 level, there is no evidence of posterior disc protrusion, spinal stenosis, significant narrowing of neural canals or definite impingement of the C8 nerve roots.

**Impression:**
1.   Degenerative disc disease.
2.   C5-6 right posterolateral disc bulge and suspected impingement of the right C6 nerve root at the right neural canal.

Thank you for the opportunity to assist you with the care of your patient.

Mario Deguchi, MD, DMD, MSE
Diplomate of the American Board of Radiology

MD:jjz

| | |
|---|---|
| dd: | 06/11/08 |
| dt: | 06/11/08 |

electronically authenticated by Mario Deguchi, MD, DMD, MSE

| | |
|---|---|
| Patient: | Strong, George |
| Housing: | A-Yard |
| CDC#: | P80719 |
| Date/birth: | 12/10/57 |
| Date: | 07/24/08 |
| Physician: | Byers, PA |

**Procedure:**   _X-Ray of the Left Shoulder (1 view)_

**Indication:**   Pain.

**Protocol:**   Two AP views of the left shoulder are presented.

**Findings:**   There is no evidence for acute displaced fracture or anterior dislocation. Calcific tendonitis is not appreciated. The acromial clavicular joint space is narrowed.

**Impressions:**
1.  Narrowing of the acromial clavicular joint space.
2.  Otherwise negative single view of the left shoulder.

Thank you for the opportunity to assist you with the care of your patient.

Mario Deguchi, M.D.
Diplomate of the American Board of Radiology
MD:kw

dd:    07/25/08
dt:    07/25/08

# EXHIBIT F

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

## ORTHOPEDIC CLINIC

Reason for Consultation

Signature of Referring Doctor                                    Date

Consultant's Report

Mr. Strong has bilateral carpal tunnel syndrome documented with nerve conduction studies. His symptoms are classic. He wakes up frequently and he has to shake his hands.

On examination: He has positive Tinel's signs and phalen's test bilaterally.

He will need a right carpal tunnel release followed by a left carpal tunnel release at a later date.

I put in a request for this. We will try to get this scheduled.

cc: Utilization Nurse

Signature of Consultant
David G. Smith, M.D., Diplomate American Board of Orthopaedic Surgery

Date of Consultation
July 9, 2008

Name of Patient
STRONG, GEORGE

Number
P-80719

Hospital                                          (sc)
CSATF AND STATE PRISON
CONSULTANT'S RECORD

D: 7/9/08
T: 7/16/08

CDC 7243 (Rev. 9/77)

# EXHIBIT G

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

**None**

| | | |
|---|---|---|
| 1. Barrier Free/Wheelchair Access | P/T | |
| 2. Ground Floor Cell | P/T | |
| 3. Continuous Powered Generator | P/T | |
| 4. Bottom Bunk | Ⓟ/T | 11/5/09 |
| 5. Single Cell (See 128-C date: _____ ) | P/T | |
| 6. Permanent OHU / CTC (circle one) | P/T | |
| 7. Other | P/T | |

## B. MEDICAL EQUIPMENT/SUPPLIES

**None**

| | | |
|---|---|---|
| 8. Limb Prosthesis | P/T | |
| 9. Brace  HAND  L & R | Ⓟ/T | 11/5/09 |
| 10. Crutches | P/T | |
| 11. Cane: (type) | P/T | |
| 12. Walker | P/T | |
| 13. Dressing/Catheter/Colostomy Supplies  SOFT SHOES | P/T | |
| 14. Shoe: (specify) ORTHOTIC GOOD | Ⓟ/T | 11/5/09 |
| 15. Dialysis Peritoneal | P/T | |
| 16. Wheelchair: (type) | P/T | |
| 17. Contact Lens(es) & Supplies | P/T | |
| 18. Hearing Aid | P/T | |
| 19. Special Garment: (specify) | P/T | |
| 20. Rx. Glasses: | Ⓟ/T | 11/5/09 |
| 21. Cotton Bedding | P/T | |
| 22. Extra Mattress | P/T | |
| 23. Other | P/T | |

## C. OTHER

**None**

| | | |
|---|---|---|
| 24. Attendant to assist with meal access and other movement inside the institution. | P/T | |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | |
| 25. Wheelchair Accessible Table | P/T | |
| 26. Therapeutic Diet: (specify) | P/T | |
| 27. Communication Assistance | P/T | |
| 28. Transport Vehicle with Lift | P/T | |
| 29. Short Beard | P/T | |
| 30. Other | P/T | |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☐ Yes  ☒ No

If yes, specify: LIMIT USE OF HANDS 2° TO CARPAL TUNNEL SYNDROME

| INSTITUTION  CSATF | COMPLETED BY (PRINT NAME)  T. BYERS PA-C | TITLE  PA-C |
|---|---|---|
| SIGNATURE | DATE  1/5/08 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE  1/5/08 | P80719 |
| APPROVED (list the number of items approved)  4, 9, 14, 20 | | STRONG, GEORGE |
| DENIED (list the number of items denied) | | 12/10/57 |
| | | A3 - 169 L |

COMPREHENSIVE ACCOMMODATION
CHRONO

CDC 7410 (08/04)

Distribution:
Original - Unit Health Record      Canary - Central File      Pink - Correctional Counselor      Gold - Inmate

# EXHIBIT
# H

STATE OF CALIFORNIA                                                   DEPARTMENT OF CORRECTION

**DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)**          CHECK ALL APPLICABLE BOXES

CDC 1845 (Rev. 01/04)

**THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B**

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| | | | | 10/17/07 |

*Sections A - B to be completed by licensed medical staff.*

| **SECTION A: REASON FOR INITIATION OF FORM** | **SECTION B: DISABILITY BEING EVALUATED** |
|---|---|
| ☐ Inmate self-identifies to staff    ☒ Third party evaluation request | ☐ Blind/Vision Impaired     ☐ Speech Impaired |
| ☐ Observation by staff    ☐ Medical documentation or Central File information | ☐ Deaf/Hearing Impaired     ☒ Mobility Impaired |

*Sections C - G to be completed by physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. ☐ **FULL TIME WHEELCHAIR USER - DPW** Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. ☐ **INTERMITTENT WHEELCHAIR USER - DPO** Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. ☐ **MOBILITY IMPAIRMENT - With or Without Assistive Device** (Wheelchairs shall not be prescribed) - **DPM** Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. ☒ **MOBILITY IMPAIRMENT (Lower Extremities) - DNM** Walks 100 yards without pause with or without assistive devices. ☐ No Housing Restrictions   ☒ See HOUSING RESTRICTIONS in Section E ☒ Requires relatively level terrain and no obstructions in path of travel. Do not place at: CCI, CMC-E, CRC, CTF-C, FSP, SAC, SCC I or II, SOL, or SQ. (CDC 128-C: 10/17/0 ) |
| 4. ☐ **DEAF/HEARING IMPAIRMENT - DPH** Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. ☐ **HEARING IMPAIRMENT - DNH** With residual hearing at a functional level with hearing aid(s). |
| 5. ☐ **BLIND/VISION IMPAIRMENT - DPV** Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. ☐ **SPEECH IMPAIRMENT - DPS** Does not communicate effectively speaking or in writing. | 6. **SPEECH IMPAIRMENT - DNS** Does not communicate effectively speaking, but does when writing. |

**SECTION E: ADDITIONAL MEDICAL INFORMATION**

CSR ALERT:
☒ Requires relatively level terrain and no obstructions in path of travel
☐ Complex medical needs affecting placement   ☒ CDC 128-C _____

HEALTH CARE APPLIANCE / IDENTIFICATION VEST:
☐ Cane   ☐ Crutch   ☐ Walker   ☐ Leg/Arm prosthesis   ☐ Vest
☒ Other: _hard brace_    ☒ CDC 128-C(s) dated: 4/4

ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:
☐ Feeding or Eating   ☐ Bathing   ☐ Grooming   ☐ W/C transferring
☐ Toileting   ☐ Other: _____ ☐ CDC 128-C(s) dated: _____

OTHER DPP DESIGNATIONS:
☐ NONE

| | CODE | DATED | CODE | DATED |
|---|---|---|---|---|

HOUSING RESTRICTIONS:   ☒ Lower bunk   ☒ No stairs   ☒ No triple bunk. CDC 128-C(s) dated: 10/17/0

**SECTION F: EXCLUSIONS**

☐ **VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED:** My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____).

☐ **REMOVAL FROM A DPP CODE:** Removal from previous DPP code: _____ (Explain in Comments Section and CDC 128-C dated: _____)

☐ **REMOVAL FROM ENTIRE PROGRAM:** Removal from DPP code(s): _____ (Explain in Comments Section and CDC 128-C dated: _____)

**SECTION G: EFFECTIVE COMMUNICATION FACTORS**

☐ Uses Sign Language Interpreter (SLI)    ☐ Reads Braille    ☐ Communicates with written notes    ☐ Requires large print or magnifier

☐ Reads lips    ☐ NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

PHYSICIAN'S COMMENTS: *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

_____

| PHYSICIAN'S NAME (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| | | |
| HEALTH CARE MANAGER / DESIGNEE'S NAME (Print) | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED |

**NOTE:** After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional mail, and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS
DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)
CDC 1845 (Rev 01/04)

# GENERAL INSTRUCTIONS

This process does not require nor is it to result in the automatic screening of all inmates to identify disabilities. This process ensures standardization of CDC policy and procedures dealing with the verification of a disability, the refuting of a disability claimed by an inmate if necessary, and placement of inmates with disabilities listed in Section B of this form. The use of this form may be initiated only in response to one or more of the following actions as noted in Section A:

    a) The inmate self-identifies or claims to have one of the disabilities listed in Section B;
    b) Staff observes that the inmate may have one of the disabilities listed in Section B;
    c) The health or central file record contains documentation regarding one of the disabilities in Section B; or
    d) A third party (such as a family member) requests an evaluation of the inmate for a disability listed in Section B.

Identification of inmates who may meet the Disability Placement Program (DPP) parameters, will usually occur during reception center (RC) processing, but if an inmate appears to meet disability criteria indicated on the form, all of the institutions/facilities will use the DPPV. Any staff member can initiate a referral for verification by directing a CDC 128-B to the institution's/facility's health care services department.

Responsibility for verification of the disability through completion of the DPPV rests with the health care service physician. The verifying physician shall follow the "Protocols for Verifying Disabilities" in Exhibit 8 of the Armstrong Remedial Plan or other official CDC document that includes protocols. Upon completing the DPPV, the physician shall sign in the signature block. Health care staff shall forward the completed DPPV to the Classification and Parole Representative (C & PR) or RC Correctional Counselor (CC-III) for tracking.

_COMPLETION OF THE FORM:_ Enter identifying information about the inmate and the date the DPPV was initiated.

_SECTION A:_ Check the appropriate box to indicate the reason for initiating the form. Any licensed medical staff may complete Sections A and B.

_SECTION B:_ The licensed medical staff _shall shall_ mark the category of disability being evaluated per the CDC 1845. Use of this form.

_SECTION C:_ A mark made in _any_ of these boxes, indicates a need for special housing or programming and will result in placement at one of the designated institutions or facilities. NOTE: The word _permanent_ is defined as a condition not expected to improve within six months or that exists using the definition below:

_IF THE INMATE:_

1. Uses a wheelchair full time due to a permanent condition and requires use of the wheelchair, both within and outside the assigned cell/housing unit, check box 1.
2. Has a permanent disability that requires the use of a wheelchair outside a cell (does not require use of a wheelchair inside a cell), requires lower bunk, wheelchair accessible path of travel and _does not_ require wheelchair accessible housing, check box 2.
3. Due to orthopedic, neurological or medical condition that substantially limits ambulation cannot walk 100 yards on a level surface without pausing and _does not_ require a wheelchair, check box 3. This condition requires lower bunk, no triple bunk, and no stairs in path of travel.
4. Must rely on written communication, lip reading, or signing, because his/her residual hearing, even when augmented by aids, will not enable him/her to hear, understand, or localize an emergency warning or public address announcement, check box 4.
5. Is permanently blind or has a vision impairment not correctable to central vision acuity of better than 20/200 with corrective lenses, check box 5 and note any housing restrictions in Section E.
6. Has a permanent speech impairment resulting in indiscernible speech or NO speech and does not communicate effectively in writing, check box 6.

_SECTION D:_ A mark made in any of these boxes _will not necessarily_ result in the placement of the inmate in one of the designated institutions/facilities. The exception to this is if a disability in Section C exists. Check all boxes that apply using the definitions below. (Please note numbers 1, 2, and 5 indicate there are no corresponding categories, i.e., there are no DPW, DNS, or DNV categories.)

_IF THE INMATE:_

1. Has a lower extremity ambulatory impairment that can walk 100 yards on a level surface without pausing with or without aids, check box number 1. If there are no housing restrictions, check the "No housing restrictions" box. If the condition requires a lower bunk, no triple bunk, or no stairs, check the "See HOUSING RESTRICTIONS" box and all applicable boxes in Section E. _"HOUSING RESTRICTIONS"_. If it is determined the inmate requires level terrain and no obstruction in the path of travel, check the corresponding box in Section D.5.
2. Has a hearing loss but follows conversation at normal speaking levels and can hear an emergency warning using a hearing aid(s), check box 2.
5. Is indiscernible or no speech but communicates effectively in writing, check box 5.

_SECTION E:_ The physician shall complete this section based on Unit Health Record (UHR) review, observation of, and interaction with the inmate. Check all boxes that apply using the definitions below.

_IF THE PHYSICIAN:_

- Finds the inmate is designated as DNM and requires placement in an institution with level terrain with no obstruction in the path of travel, the physician shall check the "Requires relatively level terrain and no obstructions in path of travel" box and complete a CDC 128-C. If the physician finds the inmate has a complex medical need that is better facilitated by placement in a more centralized institution to facilitate outside medical treatment, check the "Complex medical needs affecting placement" box and complete a CDC 128-C explaining the reason for that recommended placement.

- Finds the inmate needs assistance with activities of daily living, appropriate boxes to be checked.

- Determines there are housing restrictions in conjunction with disabilities verified in Section C or D, number 1, check the box listing the appropriate restrictions.

- Determines an assistive device, such as a cane, crutch, walker, etc., check the applicable box, enter the date of the supporting CDC 128-C (or related to that prescribing physician).

- Finds other valid CDC 128-C in the UHR indicating a disability other than the current review, enter the corresponding DPP code and date of the CDC 1845.

_SECTION F:_ The physician is to check the appropriate box operationally on the index, check box as follows:

_IF THE PHYSICIAN:_

- Cannot verify a claimed disability through an examination or objective clinical data in the UHR, check the category of disability box being evaluated in Section B. Use the first box in Section 1. The physician shall not check this box for cases pending outside consultation.

# EXHIBIT
# I

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

None

| | | |
|---|---|---|
| 1. Barrier Free/Wheelchair Access | P/T | |
| 2. Ground Floor Cell | P/T | |
| 3. Continuous Powered Generator | P/T | |

| | | |
|---|---|---|
| 4. Bottom Bunk | (P)T | 12/4/09 |
| 5. Single Cell (See 128-C date: _____ ) | P/T | |
| 6. Permanent OHU / CTC (circle one) | P/T | |
| 7. Other | P/T | |

### B. MEDICAL EQUIPMENT/SUPPLIES

None

| | | |
|---|---|---|
| 8. Limb Prosthesis | P/T | |
| 9. Brace L/R WRIST | (P)T | 12/4/09 |
| 10. Crutches | P/T | |
| 11. Cane: (type) | P/T | |
| 12. Walker | P/T | |
| 13. Dressing/Catheter/Colostomy Supplies | P/T | |
| 14. Shoe: (specify) STATE ISSUE | (P)T | 12/4/09 |
| 15. Dialysis Peritoneal | P/T | |

| | | |
|---|---|---|
| 16. Wheelchair: (type) | P/T | |
| 17. Contact Lens(es) & Supplies | P/T | |
| 18. Hearing Aid | P/T | |
| 19. Special Garment: (specify) | P/T | |
| 20. Rx. Glasses: | (P)T | 12/4/09 |
| 21. Cotton Bedding | P/T | |
| 22. Extra Mattress | P/T | |
| 23. Other ORTHOTIC BOOT + TAR | P/T | 12/4/09 |

### C. OTHER

None

24. Attendant to assist with meal access   P/T _____
and other movement inside the institution.

Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene.

25. Wheelchair Accessible Table   P/T _____

| | | |
|---|---|---|
| 26. Therapeutic Diet: (specify) | P/T | |
| 27. Communication Assistance | P/T | |
| 28. Transport Vehicle with Lift | P/T | |
| 29. Short Beard | P/T | |
| 30. Other | P/T | |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☒ Yes  ☐ No

If yes, specify: NO CLIMBING + LIMITED USE OF BOTH HANDS + NO STRENUOUS LIFTING

| INSTITUTION CSATF | COMPLETED BY (PRINT NAME) T. Brown | TITLE PA-C |
|---|---|---|
| SIGNATURE _____ PA-C | DATE 12/4/09 | **CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH** |
| HCM/CMO SIGNATURE | DATE 12/6/09 | P80719 STRONG, GREG 12/10/57 A3-159L |
| APPROVED (list the number of items approved) 4, 9, 14, 20, 23 | | |
| DENIED (list the number of items denied) | | |

COMPREHENSIVE ACCOMMODATION
CHRONO

CDC 7410 (08/04)

# CHAPTER 23
## Comprehensive Accommodation Chrono

### I.    POLICY
California Department of Corrections and Rehabilitation (CDCR) health care staff shall complete a CDC Form 7410, Comprehensive Accommodation Chrono, for accommodations that are medically necessary or are required under the Americans with Disabilities Act (ADA).

### II.    PURPOSE
To document temporary and permanent health accommodation information in a systematic and uniform manner and minimize the disruption of needed accommodations that could result from inmate-patient movement.

### III.    PROCEDURE
1. The Primary Care Provider (PCP) shall complete the CDCR Form 7410 when the PCP determines that an inmate-patient requires a temporary or permanent accommodation due to a medical condition. The CDCR Form 7410 shall function as a physician's order.
2. The PCP shall document the justification for the accommodation on a CDCR Form 7230, Interdisciplinary Progress Note.
3. A CDCR Form 1845, Inmate-Parolee Disability Verification, shall be completed for disabled inmate-patients who have a permanent mobility, hearing, or vision disability.
4. For accommodations that are designated as permanent, the accommodation must be reviewed annually. It is the responsibility of the inmate-patient to request the review prior to the expiration date on the CDCR Form 7410. The annual review of permanent accommodations by a PCP shall not be charged a co-pay fee.
5. The PCP shall document the expiration date for temporary accommodations on the CDCR Form 7410.
6. Physical limitations that affect an inmate-patient's ability to perform specific activities (e.g., can not lift more than 25 pounds, cannot stand for more than one hour without a break) shall be indicated on the CDCR Form 7410.
7. Inmate-patients who, due to a physical disability cannot "get down" into a prone position during an emergency situation, shall have this indicated on a CDCR Form 7410 in Section C, Other at line #30.
8. The PCP shall forward the CDCR Form 7410; the CDCR Form 7230; and the CDCR Form 1845, if applicable, to the Health Care Manager (HCM)/Chief Medical Officer (CMO) for review of criteria and/or ADA requirements.
9. The HCM/CMO shall sign the CDCR Form 7410 within five (5) working days of completion of the CDCR Form 7410 by the PCP.
10. The HCM/CMO shall circle "Approved" or "Denied" on the CDCR Form 7410 and shall indicate the corresponding numbers for those items approved or denied.
11. If the HCM/CMO denies an accommodation, the HCM/CMO shall document the reason for the denial on a CDCR Form 7230. The HCM/CMO shall return a copy of the CDCR Form 7410 and the CDCR Form 7230 to the PCP.
12. The CDCR Form 7410 shall remain current unless a new CDCR Form 7410 is generated indicating a new physician order or until the documented timeframe has expired.
13. Upon transfer of an inmate-patient, the CDCR Form 7410 shall be copied and included in the transfer envelope. (Refer to Volume 4, Health Care *Transfer Process*)

Chapter 23
Comprehensive Accommodation Chrono

- Special shoes or orthotics must be deemed medically necessary by a podiatrist/orthopedist.
- Work boots or other footwear required for work are issued by the job supervisor; health care staff will not issue chronos for special work shoes.
- All other shoe requests shall be referred to clothing room for proper fit of state-issued shoes. Custody regulations govern which shoes are worn on grounds.

### D. Cotton Bedding (including cotton blankets)
- History of asthma or wool allergy

### E. Extra Mattress
- BMI greater than or equal to 40
- Recent back or neck surgery (and with specific recommendation of the surgeon)
- Severe degenerative joint/disc disease documented radiographically
- Severe musculoskeletal deformities
- Presence of hip prosthesis with associated pain

### F. Extra Pillow/Wedge (maximum of 2 extra pillows)
- Symptomatic gastroesophageal reflux
- Congestive heart failure
- Chronic obstructive pulmonary disease
- Severe cervical degenerative joint disease
- Chronic severe lower back pain with severe degenerative joint or disc disease
- Hip prosthesis
- Acute injuries

### G. Egg Crate Mattresses
- Skin breakdown
- Inmate-patients at high risk of skin breakdown (e.g. paraplegic)

### H. Tinted Eyeglasses
- Indoor tinted glasses are allowed only on recommendation of an ophthalmologist or optometrist

### I. Other
Outpatient Therapeutic Diets
- Receiving dialysis treatment
- Celiac disease

Note:
- The Heart Healthy diet for the Master Menu shall minimize the physician's need to order outpatient therapeutic diets.
- Any outpatient therapeutic diet other than renal or gluten-free diets requires justification by the physician on a CDCR Form 7221 and authorization by the HCM/CMO.

Chapter 23
Comprehensive Accommodation Chrono

- Refer to Volume 4, *Outpatient Therapeutic Diets*, for additional information.

Nourishment Bags/Supplements
- Pregnant
- Diabetes Mellitus
- Immunocompromised
- Malnourished
- Oropharyngeal conditions causing difficulty eating regular diets

Note: Refer to Volume 4, *Outpatient Therapeutic Diets*, for additional information.

Short Beard
- Significant dermatologic condition

Cuffing
- Significant musculoskeletal condition as well as pregnancy that prevents normal custody procedures

Inmate-patient Attendant
- Need for assistance with meal access and/or other movement within the institution

Note: The attendant shall not feed or lift the inmate-patient or perform elements of personal hygiene.

# EXHIBIT

# J

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

NAME: STRONG | CDCR #: P-80719 | BED: A3-169L

## COMMITTEE ACTION SUMMARY

ANNUAL REVIEW:  RETAIN FACILITY 'A', MED-AR CUSTODY, A1-A WGPG EFFECTIVE 6/22/06, P O S/S & VOC-LANDSCAPE W/L.

## COMMITTEE'S COMMENTS

Inmate STRONG, CDC#P-80719, appeared before Facility A UCC on 12/9/08 for a CDC Annual Review. 'S' stated he was in good health and ready to proceed.  'S' received notification of committee via CDC 128B-1 dated 12/5/08.  'S' CDC 812, 812C, 127 and 840 reviewed and updated.

COMMITTEE NOTES:  This review shall serve as 'S' CDC Annual.

'S' preliminary score was adjusted from 10 to 6 points due to 2 period(s) of disciplinary free behavior, no period(s) of average / above average work performance and no period(s) of minimum custody.

'S' has a placement score of 19 due to 'R' Suffix.

COMMITTEE ACTION:  UCC elects to retain Facility A, P O S/S and VOC-LANDSCAPE W/L.  Continue custody at MED-AR, WGPG A1-A effective 6/22/06.

CELL/YARD REVIEW STATUS:  'S' is clear for double cell/dorm/gym housing.  'S' has the following history of in-cell violence: None.  'S' has not displayed predatory behavior towards others and is eligible to house with DDP inmates.  'S' CDC 1882 – Integrated Housing Code (IHC) dated 11/27/07 has been reviewed and remains as RE.

INMATE COMMENTS/PARTICIPATION:  'S' actively participated in the committee hearing.  'S' disagreed with committee's actions.  Appeal rights were explained.  'S' further stated he does not understand how CCII Elliott can come to the conclusion that he has as far as assigning him to a job position when he has not been seen by a doctor.

EFFECTIVE COMMUNICATION:  Subject has no case factors requiring effective communication.

CLINICIAN REVIEW:  'S' mental health was reviewed and it is noted 'S' is a participant in the MHSDS at the CCCMS level of care per CDC 128C dated 11/22/02.

CASE FACTORS:  Case factors remain the same as noted on CDC 128G dated 12/11/07 except as updated by today's review.  DDP Status: NCF.  DPP Status: DNM.  TB Code is 34 per CDC 128C dated 5/1/08.  Dental Code: N/A.  Current assignment: Unassigned.  'S' custody was reviewed and remains appropriate.

Additional Committee Members:  C. Seaman, Education Dept. and Lt. G. Lilly, Inmate Assignments.

| CUSTODY | CS/LEVEL | WG/PG & EFF DATE | RELEASE TYPE/DATE | GPL | RECLASS | DOB | ETHNIC | PSYCH | NEXT BPT & DATE |
|---------|----------|------------------|-------------------|-----|---------|-----|--------|-------|-----------------|
| MED-AR | 19/II | A1-A, EFF: 6/22/06 | 15%-EPRD 8/8/10 | 8.4 | 6/30/09 | 12/10/57 | BLACK | CCCMS | N/A |

## COMMITTEE MEMBERS

K.D. ELLIOTT, CAPT (A)
CHAIRPERSON

C. R. VILLARRIAL, CCII (A)
MEMBERS

A. R. SHILOH, CCI
RECORDER

Committee Date: 12/9/08

FACILITY A

Typed by: ARS   Distribution: C-File & Inmate    CSATF/SP AT CORCORAN    Classification Chrono CDC 128G (Rev: 5/01)

*turned in to records on 12/16/08*

*Proof of Service — Mail*

**PROOF OF SERVICE**

Re:     Case Number To be issued by the court clerk

Case Title George Strong -v- Kenneth Elliot

I hereby declare that I am a citizen of the United States, am over 18 years of age, and am/am not a party in the above-entitled action. I am employed in/reside in the County of Kings and my business/residence address is CSATF/SP, BUILDING # A-3, BED # 169 Low P.O. BOX 5248, Corcoran, CA 93212

On 1-11-09, I served the attached document described as a Summons, order on application for waiver of court fees, Civil case cover sheet, complaint, Exhibits "A""J" on the parties in the above-named case. I did this by enclosing true copies of the document in sealed envelopes with postage fully prepaid thereon. I then placed the envelopes in a U.S. Postal Service mailbox in _____, California, addressed as follows:

County of Kings
Superior Court of California
Civil Division
1426 South Drive
Hanford, CA 93230

Department of Justice
Office of The Attorney General
Attn: Ms. Jennifer Neill
Deputy Attorney General
1300 "I" Street
P.O. Box 944255
Sacramento, CA 94244

I, GEORGE BERRY STRONG, declare under penalty of perjury that the foregoing is true and correct.

Executed on JANUARY 11, 2009, at CSATF /SP CORCORAN, California.

_____
Signature