# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BERRY STRONG, | 1:09-cv-00583-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR REMAND |
| v. | (Doc. 4 .) |
| KENNETH ELLIOT, | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendant. | |

**I.   RELEVANT PROCEDURAL HISTORY**

This is a civil action filed by plaintiff George Berry Strong ("plaintiff"), a state prisoner proceeding pro se.  This action was initiated by civil complaint filed by plaintiff at the Kings County Superior Court on January 16, 2009 (Case #09C0022).  On March 30, 2009, defendant Elliot ("defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b).  (Doc. 1.)  On April 17, 2009, plaintiff filed a motion for the court to remand this action to the Kings County Superior Court.  (Doc. 4.)

**II.   REMOVAL**

Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936).

1

The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, (1913); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir.1976); La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 346 (3d Cir.1974), cert. denied, 421 U.S. 937 (1975). However, under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### *Well-Pleaded Complaint Rule*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

**III.    DISCUSSION**

Plaintiff argues that this action should be remanded to the Kings County Superior Court because § 1983 actions may be brought in State Court, and a party with a §1983 claim ordinarily has a choice asserting that claim either in a State or Federal Court. However, plaintiff also concedes that his complaint alleges violations of his rights to be free from cruel and unusual punishment under the Eighth Amendment. (Pltf's Motion at 2:1-2.) Plaintiff also states that "plaintiff's allegations, if proved, clearly establish a constitutional violation," and "the complaint clearly states a First, Eighth and Thirteenth Amendment violation." Id. at 5:11-13.

Because the right to removal depends solely on the nature of the plaintiff's complaint, the court has thoroughly reviewed plaintiff's complaint. Although the complaint is primarily couched as claims under California state tort law, plaintiff also alleges "violat[ion of] plaintiff's right to be free from cruel and unusual punishment guaranteed to the plaintiff by the Eighth Amendment of the State and Federal Constitution" and deprivation of "rights secured by the

| | |
|---|---|
| 1 | State and Federal Constitution." (Cmp. at 8.)  Plaintiff refers repeatedly to his Eighth |
| 2 | Amendment rights throughout the body of the complaint.  Plaintiff also clearly alleges violation |
| 3 | of his right to be free from slavery as guaranteed by the Thirteenth Amendment.  <u>Id.</u> at 10-11. |
| 4 | Therefore, the court finds that the federal court has jurisdiction over the complaint, and the |
| 5 | removal was proper.  As for plaintiff's arguments that § 1983 actions may be brought in State |
| 6 | Court, and a party ordinarily has a choice where to assert that claim, these are not sufficient |
| 7 | reasons to remand the case.  As stated above, removal of an action under 28 U.S.C. § 1441(b) |
| 8 | depends solely on the nature of plaintiff's complaint.  <u>Gully</u>, 299 U.S. at 112.  Accordingly, |
| 9 | plaintiff's motion for remand should be denied. |

**IV. CONCLUSION**

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for remand be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 20, 2009**     /s/ **Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE