1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GEORGE BERRY STRONG,                    Case No. 1:09-cv-00583 AWI JLT (PC)

12           Plaintiff,                      FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING    THAT    CERTAIN
13        vs.                                CLAIMS BE DISMISSED

14   KENNETH ELLIOTT,

15           Defendant.

16   _____/

17        Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint filed at the Kings

19   County Superior Court on January 16, 2009.[1]

20   **I.      SCREENING**

21        **A.      Screening Requirement**

22        The Court is required to review a case filed *in forma pauperis*.  28 U.S.C. § 1915(A)(a).  The

23   Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a

24   claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from

25   such relief.  28 U.S.C. § 1915 (e)(2).  If the Court determines the complaint fails to state a claim, leave

26

27        [1] On March 30, 2009, Defendant removed this case to this Court by filing a Notice of Removal of Action pursuant
28   to 28 U.S.C. § 1441(b).  (Doc. 1.)  On April 17, 2009, Plaintiff filed a motion to remand this action back to the Kings County
     Superior Court.  (Doc. 4.)  This Court denied Plaintiff's motion on July 29, 2009.  (Docs. 7 &11.)

                                             1

1  to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

2  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

3      **B.      Section 1983**

4      The Civil Rights Act under which this action was filed provides as follows:

5          Every person who, under color of [state law] . . . subjects, or causes to be
           subjected, any citizen of the United States . . . to the deprivation of any rights,
6          privileges, or immunities secured by the Constitution . . . shall be liable to the
           party injured in an action at law, suit in equity, or other proper proceeding for
7          redress.

8  42 U.S.C. § 1983.

9      To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1)

10 plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted

11 under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145,

12 1147 (9th Cir. 1989).  To warrant relief under § 1983, the plaintiff must allege and show that the

13 defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights.

14 Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).  "A person deprives another of a constitutional right,

15 within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative

16 acts, or omits to perform an act which he is legally required to do that causes the deprivation of which

17 [the plaintiff complains]."  Id.  There must be an actual causal connection or link between the actions

18 of each defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dept.

19 of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

20     **C.      Rule 8(a)**

21     Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil

22 Procedure 8(a), which provides in relevant part that:

23     A pleading that states a claim for relief must contain:

24     (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court
       already has jurisdiction and the claim needs no new jurisdictional support;
25
       (2) a short and plain statement of the claim showing that the pleader is entitled to relief;
26     and

27     (3) a demand for the relief sought, which may include relief in the alternative or different
       types of relief.
28

2

1    The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint

2  must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell

3  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff is required to give

4  the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests.

5  Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Although a complaint

6  need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as

7  true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L.

8  Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are

9  insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

10  1982).

11  **II.    THE COMPLAINT**

12    In his complaint, Plaintiff identifies Correctional Counselor Kenneth Elliott as the sole defendant

13  to this action and alleges the following. In 2006, while confined at Avenal State Prison, Plaintiff was

14  classified as totally medically disabled for work assignment purposes. Plaintiff suffers from carpal

15  tunnel syndrome and has been directed by a physician to wear braces on both wrists. Plaintiff also has

16  chronic back and shoulder pain, which limits his ability to bend, twist, lift, and stand or sit for prolonged

17  periods of time. (Compl. at 7, Exs. A-D.[2])

18    On November 27, 2008, Plaintiff was transferred to the California Substance Abuse Treatment

19  Facility. Plaintiff subsequently appeared before a classification committee, which included Defendant,

20  for the purpose of placing Plaintiff at a work assignment. Defendant decided to place Plaintiff on the

21  Support Services waiting list for light restricted duty. Plaintiff informed Defendant of his medical

22  conditions and protested that he was prevented from performing the work. Nevertheless, Defendant

23  indicated that it was his policy that all prisoners be assigned to work regardless of their medical

24  disabilities. (Compl. at 7.)

25    On or around March 2008, Plaintiff was assigned to work as a dishwasher at the dining hall.

26  When Plaintiff reported for duty, he presented his medical documents to his supervisor, who

27

28    [2] Plaintiff's complaint is not paginated. Thus, in the interest of consistency, the Court will cite to the pages of the complaint as they appear on CM/ECF.

3

1   subsequently ordered Plaintiff to return to his cell.  His supervisor explained that there were no tasks at

2   the dining hall that could be performed in light of Plaintiff's medical condition.  However, when

3   Defendant was notified of this, he had Plaintiff reassigned to work at the dining hall as a line-server.

4   When Plaintiff reported for duty, he was dismissed once again by the dining hall supervisor due to his

5   medical limitations.  (Compl. at 7-8.)

6           On April 29, 2008, Plaintiff appeared before a classification committee that did not include

7   Defendant.  The committee decided to classify Plaintiff as medically unassigned pending further medical

8   evaluation.  On July 9, 2008, Plaintiff was examined by a physician, who recommended that surgery be

9   performed on Plaintiff's wrists.  (Compl. at 8, Ex. F.)

10          On October 30, 2008, Defendant indicated his intention to have Plaintiff placed on a waitlist for

11  a work assignment.  On December 9, 2008, Defendant stripped Plaintiff of his medically unassigned

12  status and placed Plaintiff on a waiting list for vocational-landscaping.  In reaching this decision,

13  Defendant relied on a report by Physician Assistant T. Byers on December 4, 2008.  Plaintiff alleges that

14  Defendant destroyed medical records submitted by Dr. Rotman on November 16, 2008, which indicated

15  that Plaintiff continues to suffer from various disabilities and physical limitations and is unable to work.

16  (Compl. at 8-9.)

17          As of January 11, 2009, Plaintiff's work assignment involved lifting trash, sweeping and

18  mopping floors, cleaning bathrooms, and performing other janitorial duties.  As a result, Plaintiff suffers

19  from severe pain daily and risks further injury to his hands, back, shoulder, and knees.  Accordingly,

20  Plaintiff claims that Defendant has subjected him to involuntary servitude in violation of the Thirteenth

21  Amendment and to cruel and unusual punishment in violation of the Eighth Amendment.  In terms of

22  relief, Plaintiff seeks monetary damages.  (Compl. at 6, 9.)

23  **III.    DISCUSSION**

24          **A.    Thirteenth Amendment**

25          "There is no federally protected right of a state prisoner not to work while imprisoned after

26  conviction."  Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963).  "Where a person is duly tried,

27  convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or

28  involuntary servitude arises."  Id.  Thus, requiring a prisoner to work in accordance with prison rules

4

1   does not violate the Thirteenth Amendment.  Id.; Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994).

2   Plaintiff's allegations against Defendant fail to state a cognizable claim in this regard.

3   **B.     Eighth Amendment**

4   Nevertheless, under the Eighth Amendment, a prisoner may not be "compelled to perform

5   physical labor which is beyond their strength, endangers their lives or health, or causes undue pain."

6   Berry, 39 F.3d at 1057.  In order to plead a viable Eighth Amendment claim in this regard, a prisoner

7   must allege facts demonstrating that: (1) a prison official subjected him to a "sufficiently serious"

8   deprivation; and (2) the prison official acted with "deliberate indifference." Farmer v. Brennan, 511 U.S.

9   825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Deliberate indifference in this

10  context is a high standard, present only where the prison official "knows of and disregards an excessive

11  risk to [the prisoner's] health and safety."  Farmer, 511 U.S. at 837.  In other words, "the official must

12  both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

13  exists, and he must also draw the inference."  Id.

14  Here, Plaintiff alleges that he has a serious medical need.  Plaintiff alleges that he suffers from

15  carpal tunnel syndrome, as well as chronic back and shoulder pain, which requires treatment and effects

16  Plaintiff's ability to perform daily activities.  See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir.

17  1992).  In addition, Plaintiff appears to allege facts that, if proven, are sufficient to show Defendant acted

18  with deliberate indifference to those serious medical needs.  Specifically, Plaintiff alleges that Defendant

19  persistently assigned Plaintiff to physical work, despite being well aware of Plaintiff's limitations due

20  to his chronic wrist, shoulder, and back pain.  Plaintiff also alleges that it is Defendant's policy to assign

21  prisoners to work regardless of their medical limitations and disabilities.  Accordingly, Plaintiff appears

22  to state a cognizable claim under the Eighth Amendment.  The Court will authorize service of the

23  complaint as to this claim in an order filed concurrently with these findings and recommendations.

24  **C.     Leave to Amend**

25  The Court is normally required to provide Plaintiff with notice of the deficiencies in his claims

26  and an opportunity to amend his complaint in order to cure those deficiencies.  See Lopez, 203 F.3d at

27  1127.  However, in this case, the Court finds that it is absolutely clear that the deficiencies in Plaintiff's

28  Thirteenth Amendment claim cannot be cured by amendment.  Accordingly, the Court will recommend

5

1    that Plaintiff's Thirteenth Amendment claim be dismissed without leave to amend for failure to state a

2    claim. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to

3    amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not

4    be cured by amendment).

5    **IV.**    **CONCLUSION**

6        Accordingly, for the reasons set forth above, it is hereby RECOMMENDED that:

7        1.      Plaintiff's Thirteenth Amendment claim be dismissed without leave to amend for failure

8                to state a claim upon which relief may be granted; and

9        2.      This action proceed against Defendant on Plaintiff's Eighth Amendment claim.

10        These findings and recommendations are submitted to the United States District Judge assigned

11    to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of

12    Practice for the United States District Court, Eastern District of California. Within twenty-one days after

13    being served with these findings and recommendations, Plaintiff may file written objections with the

14    court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

15    Recommendations." Plaintiff is advised that failure to file objections within the specified time may

16    waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

17

18    IT IS SO ORDERED.

19    Dated:   **October 25, 2010**                       **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28