1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GEORGE BERRY STRONG,                    Case No. 1:09-cv-00583 AWI JLT (PC)

12          Plaintiff,                       ORDER REQUIRING DEFENDANT TO
                                             FILE A RESPONSE
13      vs.
                                             (Doc. 31)
14   KENNETH ELLIOTT,

15          Defendant.

16   _____/

17          Plaintiff is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42

18   U.S.C. § 1983.  On August 4, 2011, Plaintiff filed a motion to compel Defendant to pay the traveling

19   expense of attending his deposition, which is scheduled for August 18, 2011 in Sacramento, California.

20   (Doc. 31 at 1-2.)  Plaintiff explains that he is currently a parolee without any income to afford the cost

21   of traveling from Victorville, California (his current location) to Sacramento.[1]  (Id. at 1-3.)  In addition,

22   Plaintiff explains that as a parolee, he is unable to travel outside a 50-mile radius of his current location

23   without the permission of his parole agent.  (Id. at 3.)  Plaintiff does not indicate that he has made any

24   efforts to obtain permission to travel beyond the 50-mile radius of Victorville for the purpose of

25   attending his deposition.  (Doc. 31 at 3)

26          Plaintiff indicates that he has made an attempt to resolve this matter with defense counsel, but

27   _____

28          [1] Give Plaintiff claims to have no income, it is notable that Plaintiff provides no information as to how he is paying
     for his basic necessities such as food, clothing and shelter.

                                                        1

1   counsel has rejected the idea of reimbursing Plaintiff for his traveling expenses or moving the venue of

2   the deposition outside the Eastern District of California.  (See id. at 2.)  Plaintiff cites no authority for

3   the proposition that in a *civil lawsuit that he filed*, that the defendant should be required to bear *his* costs

4   of attending *his own* deposition.  Plaintiff seems unaware of the dire financial condition of the State of

5   California–in which attorneys employed by the State are limited in their ability to travel–and blithely

6   presumes that it, not him, should bear his costs in this *civil action that he filed.*

7          Nevertheless, in an attempt to come to a compromise, the Court will order Defendant to file a

8   response to Plaintiff's motion within **seven (7) days** of the date of this order.  In his response, Defendant

9   shall indicate whether he has objections to taking Plaintiff's deposition upon written questions,

10  telephonically or by video-conferencing.  See Fed. R. Civ. P. 30(b)(4).  If Defendant maintains his

11  preference for an in-person deposition, he shall set forth reasons why the deposition should take place

12  in Sacramento and why a protective order should not be issued.  See Turner v. Prudential Ins. Co. of

13  Am., 119 F.R.D. 381, 383 (M.D.N.C. 1998) (the deposition of a party may be noticed wherever the

14  deposing party designates, subject to the court's power to issue a protective order); Generale Bank

15  Nederland N.V. v. First Sterling Bank, No. CIV 97-2273, 1997 WL 778861, at *2 (E.D. Pa. Dec. 18,

16  1997) ("The Court has considerable discretion in determining the place of a deposition, may consider

17  the relative expense of the parties and may order that expenses be paid by the opposing party.").

18

19  IT IS SO ORDERED.

20  Dated:   **August 11, 2011**                                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28