IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BERRY STRONG,<br><br>    Plaintiff,<br><br>    vs.<br><br>KENNETH ELLIOTT,<br><br>    Defendant.<br>_____/ | Case No. 1:09-cv-00583 AWI JLT (PC)<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PROVIDE TRAVELING EXPENSES<br><br>(Doc. 31) |

Plaintiff is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On August 4, 2011, Plaintiff filed a motion to compel Defendant to pay the traveling costs of attending his deposition, which was scheduled for August 18, 2011 in Sacramento, California. (Doc. 31 at 1-2.) Plaintiff explains that he is currently a parolee without any income to afford the cost of traveling from Victorville, California (his current location) to Sacramento. (Id. at 1-3.) In addition, Plaintiff explains that as a parolee, he is unable to travel outside a 50-mile radius of his current location without the permission of his parole officer. (Id. at 3.)

On August 11, 2011, the Court ordered Defendant to file a response to Plaintiff's motion and to explain therein whether the deposition could be taken remotely and, if not, why the deposition should take place in Sacramento. (Doc. 32.) Defendant responded that he is unwilling to take the deposition telephonically because he would be unable to see Plaintiff's physical expressions; that he is unwilling to take the deposition by video-conferencing because he is unaware of any location that is equipped for

1  video-conferencing and available to Plaintiff; and that in either scenario he would be prejudiced by his
2  inability to access and examine any documents Plaintiff might rely on during the deposition. (Doc. 33
3  at 3.) As a compromise, Defendant suggests that Plaintiff's deposition be conducted in-person at the
4  U.S. District Court in Fresno, California. (Id.)

5  Pursuant to court order, Plaintiff filed a declaration in reply on September 6, 2011. (Doc. 35.)
6  Plaintiff indicates in his declaration that his parole agent would permit Plaintiff to travel outside a 50-
7  mile radius of his current location if she is provided with the specific location and time which Plaintiff
8  is expected to travel. (Id. at 1-2.) However, Plaintiff also provides a letter from his wife, who is the sole
9  provider in the household, stating that she is unable to afford the traveling expenses associated with a
10 deposition in Sacramento or Fresno. (Id. at 6.) Plaintiff indicates that a round-trip fare from Ontario
11 Airport to Sacramento would cost approximately $350. (Id. at 3.)

12 Upon careful consideration of the parties' positions, the Court concludes that an appropriate
13 location for Plaintiff's deposition is in the vicinity of the **U.S. District Court in Bakersfield,**
14 **California**.[1] Defendants will need to secure a location for the deposition in Bakersfield and SHALL
15 confer with Plaintiff to determine an appropriate date and starting time for the deposition so that Plaintiff
16 can travel to and from the deposition on one day.

17 Plaintiff SHALL contact his parole agent and secure permission to travel to Bakersfield on the
18 agreed upon date.

19 **The parties are firmly cautioned that failure to comply with this order may result in**
20 **sanctions, which in Plaintiff's case, includes a recommendation that this action be dismissed.**

21
22  IT IS SO ORDERED.
23 Dated:  **September 7, 2011**          /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE
24
25
26

---

27  [1] According to the Court's own research into this matter, Plaintiff may secure relatively inexpensive transportation
28 between Victorville and Bakersfield via Amtrak or Greyhound. Moreover, the train and bus schedules are such that Plaintiff
   will not need to secure overnight accommodations.

2