IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE B. STRONG, | 1:09-cv-00583-AWI-JLT (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER |
| vs. | |
| KENNETH ELLIOT, | (Doc. 38) |
| Defendants. | |
| _____/ | |

Before the Court is Defendant's motion to amend the scheduling order to extend the October 23, 2011, discovery deadline to October 30, 2011. For the reasons discussed below, the Court will GRANT the motion.

**I. Background**

On October 20, 2011, defendant filed a motion to modify the Court's February 23, 2011 scheduling order to extend the October 23, 2011, discovery deadline for seven days to October 30, 2011. (Doc. 38). Defendant assert that this extension is necessary to allow defendant to depose Plaintiff, scheduled to be completed on October 28, 2011. (Id. at 1). Defendant states that he has been unable to complete the deposition due to a dispute regarding the deposition's location which has since been resolved. (Id. at 3).

///

## II. Analysis

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply . . ." Jackson, 186 F.R.D. at 608, emphasis added.

Here, Defendant asserts that delay in accomplishing the deposition occurred as a result of a dispute regarding the location of the deposition. (Doc. 38 at 3). In August 2011, Plaintiff filed a motion to compel Defendant to pay for the expense of Plaintiff's appearance at his deposition in Sacramento as Plaintiff resides in Victorville, California and stated that he could not afford the costs of travel to complete his deposition. (Doc. 31 at 2). On September 8, 2011, the Court ordered that Plaintiff's deposition be taken in Bakersfield, California and additionally ordered Defendant to secure a location for the deposition in Bakersfield. (Doc. 36).

In the instant motion, Defendant explains that delays due to scheduling conflicts as well as Plaintiff's need to obtain permission from his parole officer for travel to Bakersfield have prevented the timely completion of the deposition. Additionally, Plaintiff has filed no objection to his deposition being taken out of time.

///

///

Accordingly, good cause appearing, it is HEREBY ORDERED that Defendant's October 20, 2011 motion is **GRANTED**.

IT IS SO ORDERED.

Dated:  **October 31, 2011**                                        /s/ Jennifer L. Thurston
                                                                                           UNITED STATES MAGISTRATE JUDGE