UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BERRY STRONG,<br><br>       Plaintiff,<br><br>    v.<br><br>KENNETH ELLIOTT<br><br>       Defendant. | Case No.: 1:09-cv-00583 - AWI - JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 40) |

Kenneth Elliot ("Defendant") seeks summary judgment and dismissal of the action initiated by George Berry Strong ("Plaintiff"). (Doc. 40). Plaintiff filed an opposition to the motion on March 8, 2012 (Doc. 46), to which Defendant replied on March 15, 2012 (Doc. 47).

For the following reasons, the Court recommends Defendant's motion for summary judgment be **GRANTED**.

**I.     FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, an inmate at the California Substance Abuse Treatment Facility and State Prison ("SATF"), is proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated the action on January 16, 2009 by filing a complaint in Kings County Superior Court, Case No. 09C0022. (Doc. 1, Exh. 1). On March 30, 2009, Defendant filed a notice of removal pursuant to 28 U.S.C. § 1441(b), and requested the Court screen the complaint for cognizable claims. (Doc. 1).

The Court granted the request to screen the complaint because Plaintiff was seeking relief against a governmental entity or officer or employee of a governmental entity. (Doc. 3 at 1-2, citing 28 U.S.C. § 1915A(a)). Plaintiff alleged he was assigned to work, although medical conditions precluded him from doing so. (Doc. 1, Exh. 1 at 7-8). Upon review of Plaintiff's complaint, the Court found Plaintiff stated a cognizable claim for a violation of the Eighth Amendment, but he was unable to proceed on a claim for a violation of the Thirteenth Amendment. Accordingly, on December 20, 2010, the Thirteenth Amendment claim was dismissed (Doc. 15), and the action proceeded on his claim of an Eighth Amendment violation.

## II.   MOTION TO STRIKE

Plaintiff filed his opposition to the motion for summary judgment on March 8, 2012. (Doc. 46). After Defendant filed a reply on March 15, 2012 (Doc. 47), Plaintiff filed an "Opposition to the Defendant's Reply Motion for Summary Judgment." (Doc. 48). In essence, Plaintiff filed a sur-reply to the reply brief, and Defendant seeks to strike the sur-reply as unauthorized. (Doc. 50). As noted by Defendant, a sur-reply is not contemplated by the Federal Rules of Civil Procedure or the Court's Local Rules. However, after Defendant filed the motion to strike, the Court issued an order pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), explaining the requirements for opposing a motion for summary judgment, and granting Plaintiff an opportunity to file a supplemental opposition.[1] (Doc. 51). Therefore, Defendant's motion to strike is disregarded as moot.

## III.   STANDARDS FOR SUMMARY JUDGMENT

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsuhita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

---

[1] Although given the opportunity, Plaintiff did not file a supplemental opposition.

2

1  element essential to that party's case, and on which that party will bear the burden of proof at trial."
2  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3       A party seeking summary judgment bears the "initial responsibility" of demonstrating the
4  absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323.  An issue of fact is genuine only
5  if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact
6  is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty*
7  *Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th
8  Cir. 1987).  The party seeking summary judgment demonstrates it is appropriate by "informing the
9  district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions,
10 answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes
11 demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed.
12 R. Civ. P. 56(c)).

13      If the moving party meets its initial burden, the burden then shifts to the opposing party to
14 present specific facts that show there is a genuine issue of a material fact.  Fed R. Civ. P. 56(e);
15 *Matsuhita*, 475 U.S. at 586.  An opposing party "must do more than simply show that there is some
16 metaphysical doubt as to the material facts." *Id.* at 587.  The party is required to tender evidence
17 specific facts in the form of affidavits, and/or admissible discovery material, in support of its
18 contention that a factual dispute exits.  *Id.* at 586 n.11; Fed. R. Civ. P. 56(c).  In addition, the opposing
19 party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that
20 "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
21 versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d
22 626, 630 (9th Cir. 1987).  However, "failure of proof concerning an essential element of the
23 nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

24      Significantly, even if the motion is unopposed, a court cannot grant summary judgment solely
25 because no opposition has been filed. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir.
26 1994).  The court must apply standards consistent with Federal Rule of Civil Procedure 56 to
27 determine whether the moving party has demonstrated that there is no genuine issue of material fact
28 and judgment is appropriate as a matter of law.  *Henry v. Gill Indus., Inc*., 983 F.2d 943, 950 (9th Cir.

1993).  In resolving a motion for summary judgment, the Court examines the evidence provided by the parties, including pleadings depositions, answer to interrogatories, and admissions on file.  *See* Fed. R. Civ. P. 56(c).

## IV.  DISCUSSION AND ANALYSIS

Plaintiff alleges he suffers from carpal tunnel syndrome and was directed by a physician to wear braces on both wrists.  In addition, Plaintiff has chronic back and shoulder pain, which limits his ability to bend, twist, lift, and stand or sit for prolonged periods of time.  (Doc. 1-1 at 6-7, Exh. A-D).[2]  Plaintiff asserts that Defendant knew of these physical limitations, yet assigned him to work, which violated the Eighth Amendment's protections.

Defendant contends summary judgment should be granted because he "did not assign Plaintiff to any specific jobs," although "he was a part of committee that placed . . . Plaintiff on a job assignment wait-list pending medical evaluations or after a medical evaluation has been done."  (Doc. 40 at 3).  In addition, Defendant contends he is "entitled to qualified immunity because no officer in his position could have reasonably believed that his actions were unlawful."  *Id.*

### A.  Section 1983 claims

Notably, the Eighth Amendments does not create a direct cause of action.  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 929 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution").  However, 42 U.S.C. § 1983 ("Section 1983") "is a method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  In pertinent part, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

---

[2] Although signed and dated, Plaintiff's complaint was not signed under penalty of perjury.  Therefore, the factual allegations cannot be taken as admissible evidence to oppose summary judgment, but are provided as background to the claims.  *See McElyea v. Babbitt,* 833 F.2d 196, 197 (9th Cir. 1987) (verified pleadings admissible to oppose summary judgment); *Johnson v. Meltzer,* 134 F.3d 1393, 1399-1400 (9th Cir. 1998); *Schroeder v. McDonald,* 55 F.3d 454, 460 n.10 (9th Cir. 1995) (pleading is "verified" if the drafter states the contents are true and correct under penalty of perjury).

1  42 U.S.C. § 1983.  To demonstrate a Section1983 violation, a plaintiff must allege facts from which it
2  may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the
3  alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v.*
4  *Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

5        Section 1983 requires a plaintiff to demonstrate a causal relationship between the actions of the
6  defendants and the injury suffered.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  The Ninth
7  Circuit explained, "[a] person 'subjects' another to the deprivation of a constitutional right, within the
8  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to
9  perform an act which he is legally required to do that causes the deprivation of which complaint is
10  made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

11        **B.**    **Eighth Amendment Protections**

12        The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized
13  standards, humanity, and decency.'"  *Estelle v. Gamble*, 429 U.S. 97, 102, (1976) (quoting *Jackson v.*
14  *Bishop*, 404 F.2d 571, 579 (8th Cir. 1976)).  The Eighth Amendment proscribes a freedom from cruel
15  and unusual punishment.  *Clement v. Gomez*, 298 F.3d 989, 903 (9th Cir. 2002); *U.S. Constitution,*
16  *amend. VIII*.  Accordingly, a prisoner may not be "compelled to perform physical labor which is
17  beyond their strength, endangers their lives or health, or causes undue pain."  *Berry v. Bunnell*, 39
18  F.3d 1056, 1057 (9th Cir. 1994).

19        In order to plead a viable Eighth Amendment claim in this regard, a prisoner must allege facts
20  demonstrating that the prison official acted with "deliberate indifference."  *Farmer v. Brennan*, 511
21  U.S. 825, 834 (1994).  Deliberate indifference in this context is a high standard, present only where the
22  prison official "knows of and disregards an excessive risk to [the prisoner's] health and safety."  *Id.* at
23  837; *Toguchi v. Chung*, 291 F.3d 1051, 1060 (9th Cir. 2004).  In other words, "the official must both
24  be aware of facts from which the inference could be drawn that a substantial risk of serious harm
25  exists, and he must also draw the inference."  *Id.*

26        According to Defendant, SATF is a disability placement program prison, "which means that
27  inmates with disabilities are provided accommodations to allow them to participate in the various
28  prison programs."  (Elliott Decl. ¶ 2).  Defendant asserts he served on the Unit Classification

Committee ("Committee") that sought "to ensure that inmates within the facility were properly housed and participated in prison-operated programs according to their medical needs and limitations." *Id.* Defendant reports medical staff determined the physical abilities of inmates, and "[o]nce documentation was produced that showed an inmate was capable of working a job, albeit with physical limitations, the [Committee] would place the inmate on a job wait list." *Id.*, ¶ 3. The inmate assignment office would then assign a job to the prisoner. *Id.* Defendant asserts, "If an inmate was assigned to a job and the supervisor was unable to accommodate the inmate's disabilities, the supervisor would then request to have the inmate re-evaluated for another assignment." *Id.*

Defendant admits he served on the Committee which placed him on a job waiting list, but contends he "did not assign Plaintiff to any specific jobs." (Elliott Decl. ¶ 4). Rather, Defendant asserts he "signed off on the CDC Form 128G Chrono that placed Plaintiff on the medically unassigned wait list pending further medical evaluations." *Id.*, ¶ 6. Defendant asserts: "At no time did I believe that placing Plaintiff on a job waiting list would cause a risk to Plaintiff's health and safety." *Id.*, ¶ 8.

On the other hand, Plaintiff asserted Defendant "knew plaintiff suffered serious medical disabilities" and was unable to perform the work to which he was assigned. (Doc. 46 at 14). However, Plaintiff has not presented any admissible evidence to support this assertion because Plaintiff failed to verify both his complaint and the opposition to the motion to summary judgment. Notably, Plaintiff was informed that he "must show proof of his . . . claims," by showing facts are disputed in one or more of the following ways:

> (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and if plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies; (2) Plaintiff may also serve and file affidavits or declarations setting forth the facts which plaintiff believes prove plaintiff's claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated); (3) Plaintiff may also rely upon written records but plaintiff must prove that the records are what plaintiff claims they are; (4) Plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.

(Doc. 51 at 2). In addition, Plaintiff was informed: "Should plaintiff fail to contradict defendant's motion with affidavits, declarations, or other evidence, defendants' evidence will be taken as truth. . ."

*Id.* Despite this warning, Plaintiff chose not to provide a declaration setting forth the facts within his personal knowledge upon which he relied, or otherwise supplement his opposition to the motion.

Moreover, even if the documents were verified, the statements related to Defendant's actions fail to demonstrate more than Plaintiff's supposition. Plaintiff does not present evidence related to Defendant's actions; instead he offers his conjecture regarding Defendant's actions. Thus, because Plaintiff fails to demonstrate how he knows the assertions set forth in his opposition, they lack foundation and are mere conclusions without the support of evidence.[3]

Plaintiff has not demonstrated Defendant knew placement on a job waiting list by the Committee was an "excessive risk" to his health and safety. *See Farmer*, 511 U.S. at 837; *Toguchi*, 291 F.3d at 1060. Notably, Plaintiff admitted he did not know whether Defendant had assigned him to the job that he complained he was unable to do (Strong Depo. at 68:7-11) and Defendant asserts that he did not do so. Instead, Defendant asserts he "signed off on the CDC Form 128G Chrono that placed Plaintiff on the medically unassigned wait list pending further medical evaluations." *Id.*, ¶ 6. There is no evidence that being placed on a list pending additional medical opinion placed Plaintiff at any risk of harm. Accordingly, Plaintiff has not demonstrated Defendant acted with deliberate indifference to his health and safety.

## V.   FINDINGS AND RECOMMENDATIONS

Defendant has carried his burden to identify evidence that demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Plaintiff has not identified evidence to support a contention that a factual dispute exists. Moreover, Plaintiff as not provided evidence that Defendant exhibited deliberate indifference by assigning Plaintiff to a job he could not perform, in spite of knowing Plaintiff's medical limitations.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that Defendant's motion for summary judgment be **GRANTED**.

---

[3] For the same reason, his declaration in which concludes he has personal knowledge of the information set forth in the opposition is similarly defective. He must demonstrate *how* he knows these things to be true; it is insufficient to merely assert that he knows them to be true.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the Court.  A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **September 11, 2012**                         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE